In the Matter of the Accounting of CENTRAL HANOVER BANK AND TRUST COMPANY, as Trustee, Respondent. KENNETH J. MULLANE, as Special Guardian and Attorney for Infants and Others, Appearing Specially, Appellant; JAMES N. VAUGHAN, as Special Guardian and Attorney for Infants and Others, Respondent.

Decree affirmed, with costs to the respondents and printing disbursements to the appellant, payable out of the fund.

VAN VOORHIS, J. (dissenting). I dissent and vote to reverse the decree appealed from and to dismiss the petition upon the ground that the portion of section 100-c of the Banking Law relating to judicial settlement of common trust fund accounts is unconstitutional by reason of lack of provision for adequate notice to beneficiaries. (*Matter of Security Trust Co. of Rochester*, 189 Misc. 748, and cases cited.) As the opinion below states: " ' The fundamental requisite of due process of law is the opportunity to be heard. * * * And it is to this end, of course, that summons or equivalent notice is employed' (*Grannis* v. *Ordean*, 234 U. S. 385, 394)." The notice to the interested party must be such " as to make it reasonably probable that he will receive actual notice." (*Wuchter* v. *Pizzutti*, 276 U. S. 13, 19.) While the Legislature has the power to prescribe the type of notice, it " cannot enact that no notice need be given, or make that a notice which is no notice at all. To do that would be a fraud on the Constitution." (*Martin* v. *Central Vermont R. R. Co.*, 50 Hun 347, 350.) Considering the proceeding as quasi in rem, the practicability of giving notice in a particular manner bears upon whether due process of law has been observed. Both appellant and the respondent trustee are in agreement that " the test of the adequacy of the notice * * * is a practical one dependent upon all the circumstances of the particular case." Although that statement may be an oversimplification, it has the merit of being concise and concrete, and it furnishes a satisfactory criterion for the purposes of this case,

It seems manifest that the notice of judicial settlement provided for by section 100-c of the Banking Law fails to meet that test of constitutionality. I do not consider that notice personally or by mail to all possible remaindermen is required by due process, but it appears affirmatively on the face of this statute that the notice which it authorizes is not calculated to notify interested parties, that the studied purpose of the act is to avoid giving such notice as is practicable, and that it would have been entirely feasible to have provided for the giving of notice in such manner as would have been likely to reach those beneficiaries who are currently interested in the income, as well as the greater portion of those who are interested in the principal of the common fund. The only notice of judicial settlement of common trust fund accounts which is provided by this act, is publication for not less than once in each week for four successive weeks, in a newspaper to be designated by the court, of a notice or citation addressed generally " without naming them " to all parties interested in such common trust fund and in the estates, trusts or funds mentioned in the petition (Banking Law, § 100-c, subd. 12). It is further expressly provided that not even the residence need be stated of the decedent or donor of any such estate, trust or fund. In this instance, the citation, addressed to no persons named as beneficiaries, was published four times in the New York Law Journal. Except to the eye of the most " wary vigilance," the publication of the citation in that manner was without practical effect.

The practicability of giving much more effectual notice than this appears from the clause in subdivision 9 of section 100-c that at the time of making the first investment of any estate, trust or fund in a common trust fund, the trust company shall send " a notice to each person of full age and sound mind whose name and address is known to such trust company at the time of sending such notice and who is then known to it to be or to claim to be included in the following class or classes: (a) those then entitled to share in the income therefrom, and (b) those who would be entitled to share in the principal if the event upon which the estate, trust or fund will become distributable should have occurred at the time of sending such notice." It is remarkable that so much care should have been taken by the statute to inform interested parties of the general structure of the law, and of the making of the initial investment in the common fund, which the beneficiaries would be powerless to alter or to prevent, but that the act should limit so drastically as to render practically nugatory the much more important notice of the judicial settlement of the accounts of the trustees. Beneficiaries might be heard in court and perhaps have something to say about the accounting, which the act implies to be undesirable. Captious or narrow-minded objections to trustees' investments are of course undesirable. They do cause unnecessary expense in litigation, and tend to promote excess caution on the part of trustees in investment policy. Nevertheless, due process of law requires that beneficiaries shall have reasonable opportunity to be heard, even if their objections may sometimes be ill-advised.

The reasoning of respondent trustee is unsound that inasmuch as it may be impracticable to give notice by mail of application for judicial settlement to all possible remaindermen, therefore it is unnecessary thus to notify any interested persons, not even the income beneficiaries to whom the trust company is currently paying interest or dividends. The names and addresses of these last are on the books of the fiduciary, and the statute could easily have provided for the mailing of notices of the judicial settlement to them, as well as to the presently known persons whose names and addresses are or should be also upon the books of the

fiduciary as persons entitled to share in the principal if the determining contingency were to have occurred simultaneously with sending out the notice of the initial investment. Such persons are required to be notified, as above stated, of the first investment in the common fund. They could just as easily be notified of the judicial settlement. To them could readily have been added, what the act likewise omits, that notice of judicial settlement should be mailed to such other interested persons as shall have applied in writing to have their names and addresses carried on the books of the corporate fiduciary for that purpose. The circumstance that it may be impracticable to give effectual notice to all interested parties is hardly a reason for not giving such notice to any. This is recognized in the case of the statutory requirements applicable to the judicial settlement of the accounts of the committee of an incompetent, where notice is to be given in such manner as the court deems proper, and may be " to one or more relatives " of the incompetent (Civ. Prac. Act, § 1381, subd. 3; § 1360; cf. *Matter of Battey*, 260 App. Div. 362). That is more in accordance with the provision of the Uniform Common Trust Fund Act (9 U. L. A., p. 157), section 2 of which permits judicial settlement of accounts " on such conditions as the court may establish ", leaving it to the court to provide for such notice in the particular case as shall satisfy the requirements of due process.

On this appeal the question under review is whether the provisions of section 100-c of the Banking Law respecting notice are adequate, not how the statute could be redrawn so as to make them so. Nevertheless, in my view, it may well be that notice of judicial settlement would be adequate if, in addition to publication, it were mailed to beneficiaries currently receiving income from the trust company, as well as to such remaindermen and reversioners as were subject to notification under subdivision 9 at the time of making the first investment, plus such other persons having an interest in the principal or secondary income beneficiaries as might furnish in writing their names and addresses to the trust company for the purpose of receiving such notices. Perhaps provision could be made for adding other new names at stated intervals according to some workable rule. Names could be authorized to be dropped from the list upon proof that their interests had ceased. This is not the occasion to try to formulate a new statute, but it seems to me that these, or some similar provisions, would furnish the minimal requirement, on the theory that the self-interest of those whom it would be practical to notify would be sufficiently similar to that of the others so that the latter could be said to be represented in some sense by the former.

It is idle to assert that without this exact provision of section 100-c of the Banking Law, common trust funds could not be established, in the face of the circumstance that it is not contained in the statutes of the other twenty-eight States having legislation upon this subject. (1, 2 C. C. H. Trust and Estate Reports.) The alternative is not between this statute or no statute at all. This would seem to be indicated sufficiently by the fact that the testimony in the record shows that the largest common trust funds enumerated are in Philadelphia, Pennsylvania (the Pennsylvania Company having a discretionary fund of 1,607 trusts worth $32,000,000, and a legal fund having 1,318 trusts worth $11,000,000), where there is no provision in the act authorizing the discharge of the trustee of the common fund by means of a court accounting of the administration thereof.

Supervision of these investment portfolios is not so much as confided to the superintendent of banks, whose functions are limited to granting permission to

establish the common trust fund, approving the general plan, and to determining that the securities in the fund (or proceeds of sale thereof) are on hand, and that those securities which are required to be "legals" are actually such. "The superintendent shall have no other duty or responsibility in respect to the administration of common trust funds." (§ 100-c, subd. 13.) Even if the superintendent had supervisory power over the selection of these investments, that would not deprive the beneficiaries of the right to hold trustees to account for the exercise of reasonable care and good faith in respect to investments. The opportunity to exercise that right is reduced by this statute to the vanishing point. The broader powers of the superintendent with respect to ordinary banking operations do not supersede liability of bank directors to stockholders for negligence or other misconduct, nor to creditors if the bank becomes insolvent. The same is true of the superintendent of insurance with respect to insurance companies and policyholders.

The Legislature undoubtedly has a considerable latitude in determining the manner of notice to be given. Nevertheless, corporate or other fiduciaries cannot be exempted from practical accountability to interested parties, which in this instance would be in regard to what may easily become a major portion of trust business. The boundaries of legislative discretion are exceeded by an act which bears upon its face the evidence that it was not designed to give the maximum notice that is practicable, but has been drafted so as to create the appearance without the substance of real notice to any of the beneficiaries. If as much attention had been devoted to devising methods of giving real notice as has been expended on concealing the absence of such notice, its constitutionality would have been well protected.

This constitutional infirmity does not extend to the part of section 100-c of the Banking Law relating to the establishment of common trust funds, and affects only the provision for the judicial settlement thereof. The last-mentioned clauses are severable from the statute as a whole, and should be struck down without invalidating the rest of the section. That would not destroy the authority under which existing common funds have been erected, but would leave trustees of such funds to be discharged by the judicial settlements of the participating estates and trusts, as is the case now under the laws of many other States, including Pennsylvania; or such trustees could obtain their discharges pursuant to some subsequent amendment of section 100-c of the Banking Law, provided that the Legislature enacts one authorizing notice to beneficiaries of judicial settlement of the accounts of trustees of common funds which conforms to due process of law.

Glennon, J. P., Cohn, Callahan and Shientag, JJ., concur in decision; Van Voorhis, J., dissents in opinion.

Decree affirmed, with costs to the respondents and printing disbursements to the appellant, payable out of the fund. No opinion. [See 275 App. Div. 709.]