Dye, J. (dissenting).
The basic issue on this appeal is whether technical compliance with the notice provisions of the New York City Water Supply Act is constitutionally adequate to satisfy the requirements of due process for the taking of property or an interest therein. We think not and feel obliged to express our dissent from the decision about to be rendered.
The appellant is the owner in fee of premises designated on the appropriation map for the Delaware project as parcel No. 424, Neversink riparian section No. 4 in Deerpark, Orange County, which is about 25 miles downstream from the site of the Never-sink Dam and Reservoir in Sullivan County. It is alleged that as a result of such public work her property was adversely affected and seriously damaged. Her claim for compensatory damage, like that of many others, filed more than three years after the vesting, has been rejected for untimeliness (Administrative Code, § K41-18.0).
The New York City Water Supply Act (Administrative Code of City of New York, ch. 41, tit. K), prescribes the procedures to be followed by the Board of Water Supply in acquiring real estate, easements and rights affecting real property required for its water supply system. Section K41-8.0 relates to the manner in which notice shall be given for the appointment of commissioners of appraisal for the purpose authorized.
*528 In pertinent part that section provides: “ The corporation counsel shall give notice in the City Record, and in two public newspapers published in the city of New York and in two public newspapers published in each other county in which any real estate laid out on such map may be located, and which it is proposed to acquire in the proceeding, of his intention to make application to such court for the appointment of commissioners of appraisal * * *. Such notice shall be so published, once in each week, in each of such newspapers, for six weeks immediately previous to the presentation of such petition; and the corporation counsel shall in addition to such advertisement cause copies of the same in hand bills to be posted up, for the same space of time in at least twenty conspicuous places on the line of the aqueduct or in the vicinity of the real estate so to be taken or affected.”
When the city undertook the construction of the ‘ ‘ Delaware Project ” for the use of its water supply system it, technically, complied with all prescribed procedures including the publication and posting of notice of the application for the appointment of commissioners of appraisal.
The publication in Orange County was made in newspapers situate in the rural communities of Chester and Warwick located many miles from the subject property and with no circulation in the community where the premises %oere located although at the time there were available newspapers in the nearby communities of Port Jervis and Middletown. We note too that 22 handbills were posted on trees along highway Route 209 and on trees along the easterly and westerly banks of the Neversink River for a distance of about 100 feet on either side of certain bridge crossings. The posting and publication were done in the month of January and, although in compliance with the letter of the statute, such publication and posting in such remote places at a time when it was known that the subject premises would be vacant, it seems to me, fail to comply with its spirit and intent and as matter of fact failed to give this plaintiff and numerous others, similarly situated, any reasonable opportunity of knowing that such a proceeding was pending.
It is also significant that of the 422 numbered parcels affected or taken and designated on the appropriation map, the fee *529 owners of 224 of such parcels — something more than half — failed to file in time and these figures include only those riparian parcels and exclude those which have appurtenant easements for use of the river, as admitted by defendant’s answer. Of that number, the great majority are owners of property located in a section remote from the actual dam project. We cannot believe that all of these owners, if apprised of the intended condemnation, would for their own reasons fail to act to protect their interests.
In our view, the statute relied on is inherently defective since no provision is made for personal service, or any adequate substitute. It is, of course, recognized that personal notice may not always be possible, but that affords no reason why a statute should omit reasonable requirements and depend only on publication and posting of the kind provided by this statute. This statute falls short of the constitutional principles dealt with in Mullane v. Central Hanover Trust Co. (339 U. S. 306, revg. 299 N. Y. 697, which had affd. 274 App. Div. 772 in which Van Voorhis, J., dissented in an opinion). The principles there enunciated should be followed here. Mullane was an accounting-proceeding under the common trust fund as established by section 100-c of the New York Banking Law. The notice provisions were challenged as contravening constitutional due process for lack of provision for adequate notice. The notice there provided was a constructive one by publication. As Justice Van Voobhis pointed out in his dissent, which reasoning was adopted with approval by Justice Jackson writing for a majority in the Supreme Court of the United States, “ The fundamental requisite of due process of law is the opportunity to be heard.” (Grannis v. Ordean, 234 U. S. 385, 394.) As Justice Jackson expressed it: “ This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Milliken v. Meyer, 311 U. S. 457; * * * Priest v. Las Vegas, 232 U. S. 604; Roller v. Holly, 176 U. S. 398. * * * The reasonableness, and hence *530 the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected ”. (339 U. S., pp. 314-315.)
The statute now before us does not satisfy these elemental tests since it makes no provision for the giving of personal notice of a pending application for the appointment of commissioners, but relies solely on a defective constructive form of notice. The essential thing is notice. It is only when such notice cannot be given personally that resort should be had to a substitute or alternative method such as publication and posting, and then it must be done in a manner calculated to afford actual notice. Here personal service is not required, and no personal service was made although such a requirement could have been easily met since the city knew that the plaintiff owned the subject property—it had available her address and no reason appears why such a notice could not have been given. If constructive service were to be authorized, it could have been provided in some form which was not calculated to go unobserved by the persons to be affected.
It cannot be disputed that due process “requires that an owner whose property is taken for public use must be given a hearing in determining just compensation” and “The right to a hearing is meaningless without notice.” (Walker v. Hutchinson City, 352 U. S. 112, 115.)
Furthermore, it is apparent from the opinion written in the court below that their holding of constitutional validity was not free from doubt because they added, as an additional ground for affirmance, that “In our opinion the publications, posting and the patently visible effect of the diversion proceedings on the Neversink over a three-year period would constitute sufficient notice to meet the requirements of the New York and Federal Constitutions.” (Italics supplied.) However that may be as a comment, it affords no substitute for the fundamentals of due process, that is, a notice reasonably calculated under all the circumstances to apprise a party of the pendency of the action and afford an opportunity to be heard.
The plaintiff’s complaint alleges a cause of action to restrain the diversion on constitutional grounds. The passage of time prevents the granting of that relief but does not prevent a determination of the constitutional question and thus afford this *531 plaintiff an opportunity to have her claim filed and to be heard on the issue of damages for the appropriation. Such a result gives the plaintiff her day in court which so far has been denied — not because she defaulted or acquiesced—but because she never had notice of the pendency of the proceeding* sufficiently adequate to satisfy constitutional due process for the taking of her property.
The judgment appealed from should be reversed, with costs in all courts, and plaintiff’s cross motion for judgment on the pleadings granted.
Chief Judge Desmond and Judges Froessel and Burke concur with Judge Fuld; Judge Dye dissents in an opinion in which Judge Van Voorhis concurs; Judge Foster taking no part.
Judgment affirmed.