NATHAN L. OTTINGER et al., Individually, and as Trustees under the Will of MARX OTTINGER, Deceased, et al., Appellants, *v.* ARENAL REALTY COMPANY, INC., et al., Respondents.

(Argued October 19, 1931; decided November 17, 1931.)

*Sidney Newborg* for appellants. The statutory enactments primarily require notice, in person or by registered mail, to property owners, and in addition publication in the bulletin. Such notice was not given. (*Matter of Reed* v. *Board*, 255 N. Y. 132; *Anderson* v. *Steinway & Sons*, 178 App. Div. 513; *Shushereba* v. *Ames*, 255 N. Y. 490; *Matter of Harper*, 106 Misc. Rep. 514; *Title Guarantee & Trust Co.* v. *New York Juvenile Asylum*, 133 App. Div. 541; *Matter of Cobb*, 128 Misc. Rep. 68; *People* v. *Schermerhorn*, 19 Barb. 558; *Mushlitt* v. *Silverman*, 50 N. Y. 362; *Prusik* v. *Board of Appeal*, 262 Mass. 451; *Schumacher* v. *Union City*, 154 Atl. Rep. 406; *Bradley* v. *Huber Co.*, 146 App. Div. 631; 210 N. Y. 627; *O'Connor* v. *Collins*, 239 N. Y. 462.) If the charter, building zone resolution and rules do not define the form of notice, personal notice is required. (*Steinhardt* v. *Bingham*, 182 N. Y. 326; *Stuart* v. *Palmer*, 74 N. Y. 183; *Matter of Blumberg*, 149 App. Div. 306; *Matter of Boland* v. *Sokolski*, 56 Misc. Rep. 333.) Publication in the bulletin is not of itself notice. (*Matter of Harper*, 106 Misc. Rep. 514; *Hartford Trust Co.* v. *West Hartford*, Ann. Cases [1912D], 997; *People* v. *Ahearn*, 196 N. Y. 221; *People* v. *Karr*, 240 N. Y. 348.) Publication in the bulletin, without notice in person or in some other reasonable manner, would not constitute due process, nor comply with the requirements that there shall be no deprivation of property without service reasonably adequate to assure notice of proceedings to those whose property rights are to be affected. (*City of New York* v. *Wright*, 243 N. Y. 84; *Matter of City of New York*, 212 N. Y. 543; *Stuart* v. *Palmer*, 74 N. Y. 183; *Wuchter* v. *Pizzutti*, 276 U. S. 24; *Coe* v. *Armour*, 237 U. S. 424; *Forbes Pioneer Boat Line* v.

*Board,* 258 U. S. 338; *Brewster* v. *Rogers Co.,* 169 N. Y. 80; *Reid* v. *Mayor,* 139 N. Y. 534.)

*Hyman J. Reit* for Arenal Realty Company, respondent. Due notice of the application, as required by statute, was given to the appellants. (*Prescott* v. *Pierce,* 130 Misc. Rep. 63; *People* v. *Schermerhorn,* 19 Barb. 558; *Matter of Cobb,* 128 Misc. Rep. 67; *Prusik* v. *Board of Appeals,* 262 Mass. 451; *Title Guarantee & Trust Co.* v. *New York Juvenile Asylum,* 133 App. Div. 541.) There has been full compliance with the rules and practice. (*Apartment Hotel Owners Assn.* v. *City of New York,* 133 Misc. Rep. 884; *United States* v. *Finnell,* 185 U. S. 236; *City of New York* v. *New York City Ry. Co.,* 193 N. Y. 549; *Stuart* v. *Palmer,* 74 N. Y. 183; *City of New York* v. *Wright,* 243 N. Y. 80.)

*Francis J. MacIntyre, James B. McNally* and *John V. Downey* for 23 West Sixty-fifth Street Corporation et al., respondents. The statute requires public notice and hearing and even though the record owners did not receive notice by registered mail such failure to receive notice is not a jurisdictional requirement. (Building Zone Resolution, §§ 7-e, 21.)

*Arthur J. W. Hilly, Corporation Counsel* (*J. Joseph Lilly, Henry J. Shields* and *William T. Kennedy* of counsel), for City of New York et al., respondents. The publications in the bulletin of the defendant Board were sufficient notice to the plaintiffs. (*Armatage* v. *Fisher,* 74 Hun, 167; *Ellis* v. *Hearn,* 132 App. Div. 207; *People ex rel. Ortenberg* v. *Bales,* 224 App. Div. 87; 250 N. Y. 598; *Pennsylvania Training School* v. *Insurance Co.,* 127 Penn. St. 559; *Bush* v. *McCarty Co.,* 127 Ga. 308; *Cooper* v. *Davis,* 231 App. Div. 527; *Wood* v. *Kane,* 143 Va. 281; *Elliott* v. *United Realty Corp.,* 144 Va. 752; *Prusik* v. *Board of Appeal,* 262 Mass. 451; *Kane* v. *Board of Appeals,* 173 N. E. Rep. 1; *Matter of Wolfsohn*

v. *Burden*, 241 N. Y. 288; *Matter of Isenbarth* v. *Bartnett*, 206 App. Div. 546; 237 N. Y. 617; *Seattle Trust Co.* v. *Roberge*, 278 U. S. 116; *City of Utica* v. *Hanna*, 202 App. Div. 610; *People ex rel. Reinert* v. *Miller*, 188 App. Div. 113; *Nectow* v. *Cambridge*, 277 U. S. 183; *Matter of Wiegan* v. *Board of Standards & Appeals*, 254 N. Y. 599; *Matter of Cobb*, 128 Misc. Rep. 67; *People ex rel. St. Albans-S. Corp.* v. *Connell*, 257 N. Y. 73; *Forstman* v. *Joray Holding Co.*, 244 N. Y. 22; *Deweese* v. *Reinhard*, 165 U. S. 386.)

CARDOZO, Ch. J. The action is for an injunction restraining the owner of Nos. 42 to 46 West Sixty-sixth street in the city of New York, from constructing or maintaining a garage, and directing the Board of Standards and Appeals to rescind a resolution sanctioning such use, on the ground that the hearing before the Board was without notice to the plaintiffs, and that the resolution for lack of such notice was without jurisdiction.

On March 21, 1929, the Arenal Realty Company, as landlord, and another corporation, as tenant, filed an application with the Board of Standards and Appeals for permission to construct and operate a garage, and to depart to that extent from the restrictions imposed by the Building Zone Resolution, the petitioners alleging that there were " practical difficulties or unnecessary hardships " in the way of carrying out the resolution according to its letter. The application was granted, and the variance allowed, by a resolution adopted by the Board July 16, 1929.

The plaintiffs are the testamentary trustees and devisees of Marx and Moses Ottinger, who died, the first named on May 6, 1922, and the last named on November 18, 1925. As such trustees and devisees they are the owners of No. 48 West Sixty-sixth street, adjoining the proposed garage. They do not dispute the adequacy of the evidence placed before the Board to justify the variance, if there was jurisdiction to act at all. Indeed, jurisdiction exist-

ing, there can be no review of the merits in a collateral litigation. What they dispute is the jurisdiction of the Board to consider the merits without notice to the adjoining owners, which they say was never given. They thus take their stand upon the position that the resolution sanctioning the variance may be disregarded as a nullity, and the non-conforming use enjoined.

Three lines of attack have been followed by the plaintiffs in contesting jurisdiction. They say that the notice given is inadequate under section 719 of the charter of the city of New York; that it is inadequate under section 21 of the general zoning resolution; and finally that it is inadequate under the rules of the Board of Standards and Appeals. The three grounds of challenge will be successively considered.

By section 719, subdivision 5, of the charter of the city, " the board of appeals [*i. e.*, the Board of Standards and Appeals] shall fix a reasonable time for the hearing of the appeal and give due notice thereof to the parties, and decide the same within a reasonable time." (Laws of 1916, ch. 503, § 6.)

Upon an application to the Board for a departure from the uses prescribed by the zoning resolution, the neighboring lot owners are not " parties " within the meaning of this statute. The application takes the form of an appeal by the owner from the order of the Superintendent of Buildings refusing a permit for the non-conforming use. The parties to the appeal are the petitioning owner on the one hand and the Superintendent of Buildings on the other. Many orders unrelated to a zoning system may be the subject of an appeal to the Board of Standards and Appeals, and section 719 of the charter is a general provision applicable to all. There may be orders of the Superintendent of Buildings enforcing the provisions of the Building Code or other statutes or ordinances governing construction (Charter, § 406). There may be orders by the Fire Commissioner prescribing safeguards against

fire, or by the Tenement House Commissioner affecting the use of tenements. All these orders and others like them may be the subject of appeals (§§ 718-d, 719). The "parties" to the appeal are the owner complaining of the order, and the public officer who has made it. Neighboring property owners, not being parties, derive no right to notice from the provisions of the charter. Whatever right to notice belongs to persons other than the parties, is not built upon the statute. It comes to them either from the rules of the Board itself or from the general zoning resolution, adopted by the Board of Estimate and Apportionment, which is next to be considered.

By section 21 of the zoning resolution, jurisdiction is given to the Board of Standards and Appeals to vary the provisions of the resolution, in harmony with its general purpose and intent, when there are practical difficulties or unnecessary hardships in the way of carrying out such provisions according to their letter. The section closes with these words: "Before taking any action authorized in this section the Board of Appeals shall give public notice and hearing."

Public notice satisfying the requirements of a mandate so indefinite may be given in any form that is reasonably adapted to inform the public generally that the application will be heard (*City of New York* v. *Wright*, 243 N. Y. 80, 84). The medium of publication selected by the Board is its own official bulletin, printed and published under the authority of the statute. By section 718, subdivision 4, of the charter of the city, "the board shall print and publish * * * a bulletin in which it shall publish every rule, regulation, every amendment or repeal thereof made by the board, and every order, requirement, decision and determination of the board * * * and such other matters * * * as the board may deem it advisable to publish." A notice to the public to attend the hearing before the Board at an appointed

time and place and offer such objections as they may have to the prayer of the petition is an " order " or " requirement " within the fair meaning of the statute. The Board was not remiss in failing to give notice by publication in the *City Record* (Greater New York Charter, § 1559). Publication in the *City Record* is unnecessary except when notice is required by the provisions of " this act," *i. e.*, by the provisions of the charter, and only then if publication is not " otherwise provided." The public notice necessary upon an application for a variance from the general zoning resolution is one prescribed by the resolution, and not by the charter or indeed by any statute. If we were to view it, however, as one exacted by the charter, there would even then be no duty to publish in the *City Record*, for notice is " otherwise provided " by another section of the act. The statutory mandate that the orders and requirements of the Board be published in its bulletin must be read as constituting an exception to any general direction to publish somewhere else.

We find no basis for a holding that the bulletin is a publication so specialized and narrow that a notice printed in its pages is not a notice to the public. The Board of Standards and Appeals has many legislative powers, being competent under the statute (Charter, § 718-a) to make, amend and repeal rules and regulations adopted by the Superintendent of Buildings, the Fire Commissioner and other public officers. It may also " make, amend and repeal rules and regulations regarding the enforcement of those provisions of the labor law and other laws which relate to the construction, alteration, structural changes in, plumbing and drainage of, elevators, fire escapes on, adequacy and means of exit from and fire alarm systems in all buildings, except tenement houses, within the city of New York." To all these rules and regulations landowners within the city are under a duty to conform. It would be strange if publication in the bulletin were held inadequate to charge them with notice

of a hearing affecting the use of property other than their own when it is adequate to charge them with notice of rules and regulations directed to their own property and involving penal consequences. True, indeed, it is that through neglect or misadventure an interested owner may fail to consult the bulletin in one case or another, and thereby lose the privilege of attending at a hearing and urging his objections. Such an outcome would be just as likely if there were publication in the *City Record*. We may suspect indeed that it would be more likely, for the proceedings of the Board, unless printed by themselves, might be lost in a maze of unrelated matters. The very object of the official bulletin is to supply a concentration and an emphasis that would otherwise be lacking.

Public, in any event, the hearing is, even if better forms of publicity could be invented by one bent upon reform. The law does not guarantee the efficacy of its processes to carry notice home to every interested mind. This is so even where constitutional rights would be infringed if publication were omitted. It is so, *a fortiori*, where publication is an act of grace. Land may be condemned and property interests divested, though the expropriated owner, residing in another State, has never seen the summons that warns him to defend his rights. Still more flexible are the forms available where nothing would be divested nor any right infringed if the proceeding were conducted without notice from opening to close. A permit granted by the Board for a non-conforming use does not take from the public or from any member of the public an interest or easement in the land exempted from the general rule. The zoning resolution might be repealed overnight without violating the Constitution. Whatever right to a preliminary notice belongs to the public or to any of the members of the public has its origin in the resolution and is measured by its terms.

There is no need to invoke the principle of practical

construction, though the principle has validity to give support to our conclusion. Ever since the zoning system was established, publication of notices of hearing has been through the official bulletin. The unchallenged practice of the years goes far to show that in the daily workings of the zoning system, the notice has been adequate to satisfy the public needs. Countless orders and resolutions would be subject to attack for defect of jurisdiction if a practice so intrenched were to-day to be condemned.

With the holding that publication in the bulletin is notice to the public within the terms and requirements of the zoning resolution, we pass to the inquiry whether there has been any departure from the rules supplementing the resolution, adopted by the Board itself.

The zoning resolution provides (section 21) that the Board of Standards and Appeals shall adopt from time to time such rules and regulations as it may deem necessary to carry its provisions into effect.

Under the authority thus conferred the Board has adopted a rule that as soon as an application is placed upon the calendar, " the applicant shall be notified by the Board * * * of the time set for the call of the calendar," which shall be at least five days thereafter. " With this notice the applicant shall be supplied with an official copy of form 7NO, which he is required to send to every property owner entitled to notice of the application. Within three days the applicant must file a verified statement that he has so notified each of such property owners either by personal service or by registered mail. Not less than fourteen days' notice of the date fixed for calendar call in each Building Zone application shall be given by publication in the Bulletin of the Board."

The rule speaks of notice " to every property owner entitled to notice of the application." There is no standing definition informing us who these owners are. Instead, the engineer of the Board prepares in each case a memorandum or map of the area of special benefit or

injury, and on the basis of the data thus supplied the Board gives such directions in each case as it finds to be expedient or just.

In the case at hand the applicant received a letter on June 17, 1929, advising him of the fact that the application would be heard on July 2, 1929, at 2 P. M. " On the back of this letter is the form of notice (7NO) of which you must make the necessary copies, and then, at least five days prior to date of calendar call, send one to each of the adjoining and neighboring property owners as per list furnished by you in filing your papers."

The notice speaks of a list furnished as part of the appeal, and the applicant is directed to mail notices accordingly. The applicant followed this direction, and mailed notices " as per list furnished in filing [its] papers," but the list was erroneous, with the result that the plaintiffs, who were adjoining owners, had no knowledge of the hearing.

The error came about as follows: Marx and Moses Ottinger, as we have seen, were the owners during their lives of the building adjoining the premises in suit. The list of property owners filed with the appeal gave the name of Max (instead of Marx) Ottinger, omitting Moses altogether, but giving 31 Nassau street as the post office address. Marx and Moses Ottinger when alive had an office at that address, and there was still a room in the same building which bore the words " Estates of Marx and Moses Ottinger," with the names of the executors. The post office, not finding a Max Ottinger at the place to which the notice was directed, returned it to the sender.

The Board of Standards and Appeals did not lose jurisdiction to hear the application through its failure to discover the true names of the adjoining owners, and to address the notices to such owners instead of to the names that had been stated on the list. To hold otherwise would be to charge the Board with a duty to search the title of every parcel upon the same or neighboring

blocks, and to ascertain at the peril of the proceeding to whom ownership had passed. In the very case at hand, the situation would have been little improved, unless perhaps by accident, if the notice had been addressed to Marx Ottinger, for Marx Ottinger was dead. It could not with propriety have been addressed to his " estate," for an estate is not an entity known to the law. The embarrassments incidental to a holding that ownership must be ascertained and notice mailed accordingly, go far to disprove the duty supposed to have been violated. Whatever the Board does to supplement the general requirement that notice of hearing shall be given to the public generally by publication in the bulletin, is to be determined in the particular case before it, and its own judgment and discretion supply the only guide. Here it ordered mailing in accordance with a particular list submitted by the applicant and supposed to be correct. Jurisdiction did not fail because the list was incomplete.

*Prusik* v. *Board of Appeal* (262 Mass. 451) and *Kane* v. *Board of Appeals* (273 Mass. 97) do not touch the case at hand. The Massachusetts statute establishes " the most recent tax list " as the test whereby to determine the identity of owners, and imposes a duty on the Board to mail the notices accordingly. No such requirement exists under the statute of New York.

Whether added safeguards should be adopted to give better assurance that the proceedings of the Board shall be brought to the notice of interested owners, we do not undertake to say. If such safeguards are necessary, the remedy must be found either in new and more precise rules to be adopted by the Board or in an amendment of the statute or the zoning resolution. Even under the law as it stands, the Board has discretionary power to reopen its determination either on its own motion or on that of any one aggrieved (Charter, § 719, subd. 6). The plaintiffs have not chosen to apply for that relief. Possibly they would not have been successful if they

had asked for it, for other owners, interested too, had been given a full opportunity to state the grounds of opposition. As to this there is no need to speculate. We take the statute and the resolution as we find them, and fix the remedy accordingly.

Our conclusion is upon the whole case that apart from an order of the Board directing the mailing of notices in accordance with a particular list, adjoining owners have no right to information as to the time and place of hearing in excess of the right belonging to them as members of the general public, the indefinite mass of residents protected by the zoning system.

The judgment should be affirmed with costs.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.