In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property of and Rehabilitate the WESTCHESTER TITLE AND TRUST COMPANY. In the Matter of Plan of Readjustment, etc., of the Rights of the Holders of Investments in Premises Situated at 285 South Columbus Avenue, City of Mt. Vernon, County of Westchester, State of New York, and Guaranteed by Westchester Title and Trust Company, Designated as Mortgage No. 5462 of Such Company. FRED R. RIGHTMIRE, as Executor, etc., of RICHARD H. LIPPINCOTT, Deceased, Petitioner-Appellant; WENDELL C. BARKER and Others, Constituting the Mortgage Commission of the State of New York; TITLE AND MORTGAGE COMPANY OF WESTCHESTER COUNTY; GREEN COURT APARTMENTS, INC., and EMPIRE TRUST COMPANY, Respondents.— Order denying petitioner's application to require the respondents to distribute to certain certificate holders the sum of $2,375 as interest due upon a certain mortgage affirmed, with ten dollars costs and disbursements to respondent Empire Trust Company and disbursements for printing briefs to respondents Mortgage Commission of the State of New York and the Title and Mortgage Company of Westchester County. No opinion. Present — Lazansky, P. J., Young, Carswell, Davis and Abel, JJ.

In the Matter of the Application of EVA ROSENBUSH, Respondent, for a Peremptory Mandamus Order against FRANK C. KELLER, Commissioner of Buildings, Borough of Queens, Appellant.— Order granting petitioner's motion for a peremptory mandamus order canceling the revocation by the commissioner of buildings of the borough of Queens of a permit theretofore issued by him for the construction of a gasoline filling station reversed on the law and the facts, with costs, and the motion denied, with ten dollars costs and disbursements. When the permit issued on August 5, 1935, at the request of the petitioner based on an approval of plans had on October 8, 1934, and upon an application for a permit dated September 18, 1934, she in effect represented that the zoning regulations had not been changed in the interim. When the original application was made and the plans approved, the parcel involved was in an unrestricted use area. When the permit was requested on August 5, 1935, the zoning regulation had been changed so that the plot was in a business use district, the change having been effected in December, 1934. The petitioner had constructive if not actual knowledge of the change (Ottinger v. Arenal Realty Co., 257 N. Y. 371), and her request for a permit upon the approved plans was implicit with the representation that the area still continued as it was at the time the plans were approved. This representation, innocent or otherwise, was a false representation of a character that authorized the revocation of the permit by the commissioner of buildings. (New York Code of Ordinances, chap. 5, art. 1, § 4, subd. 7.) The legality of a building construction under the circumstances here involved is to be determined by the zoning statute at the time the construction is begun rather than by the permit under which the work is purported to be done. Here, when the permit issued, the zoning law made unlawful a gasoline filling station on the petitioner's plot. The issuance of a permit could not nullify those statutory provisions and vested rights could not be acquired by the petitioner in reliance on an illegal permit, where she was charged with notice of its illegal character. (Ottinger v. Arenal Realty Company, 257 N. Y. 371.) Cases relating to an extension of an existing legal use are not pertinent. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.