In the Matter of GABRIELLE CANZANO, Petitioner, against HENRY B. HANLEY et al., Constituting the Board of Appeals of the City of Rochester, et al., Respondents.

Supreme Court, Special Term, Monroe County, December 2, 1946.

*Merwin Morehouse* and *Anthony S. Picciotti* for petitioner.

*William H. Emerson, Corporation Counsel* (*Samuel Di Pasquale* of counsel), for respondents.

*Glenn L. Buck* for Vincenzo Bovenzi, intervener.

VAN VOORHIS, J. This is an application by Gabrielle Canzano to review a determination of the Zoning Board of Appeals of the City of Rochester made on March 28, 1946, permitting certain additions and alterations to a restaurant which adjoins petitioner's premises. On May 1, 1946, the petitioner and certain other property owners in the neighborhood filed with the Zoning Board of Appeals an application for a rehearing. The board on June 6, 1946, refused to grant a rehearing. This proceeding was begun by order to show cause dated July 5, 1946, to review the action of the Zoning Board of Appeals of March 28, 1946, denying the application. The denial on June 6, 1946, of the application for rehearing is not specified to be reviewed in the order instituting this proceeding, although it is mentioned in the petition which asks that it be reviewed along with the original determination. It is assumed that the intention was to raise it also in this proceeding.

The respondents contend that the proceeding is barred by the thirty-day Statute of Limitations enacted by section 82 of the General City Law. In *Matter of Fammler* v. *Board of Zoning Appeals of Town of Hempstead* (254 App. Div. 777) it was held that section 267 of the Town Law providing for a similar thirty-day limitation period in the case of towns takes precedence over section 1286 of article 78 of the Civil Practice Act providing for a four-month limitation period. In *People ex rel. Hudson-Harlem Co.* v. *Walker* (282 N. Y. 400, 405, 406) the court said: " It is urged that article 78 of the Civil Practice Act, by implication, at least, repealed section 267 of the Town Law. Nothing has been called to our attention upon which such a conclusion may be sustained." This court has

held to the same effect respecting section 82 of the General City Law in *Matter of Hopkins* v. *Board of Appeals, Rochester* (178 Misc. 186, 191).

Petitioner's contention that the time was set running by the denial of the application for rehearing cannot be sustained. Orders refusing rehearings are not ordinarily reviewable (*Weiss* v. *Weiss,* 225 App. Div. 700). Most judicial and quasi-judicial bodies have inherent power to grant rehearings for good cause (*New York Central R. R. Co.* v. *Beacon Milling Co.,* 184 Misc. 187, 190). Doubtless the Rochester Zoning Board of Appeals had power to adopt reasonable rules for rehearing, and, even in the absence of such rules, the board would have inherent power to rehear if it had overlooked some decisive point or for other good cause. The point is that the existence of such a power to rehear an appeal is insufficient to extend the Statute of Limitations; this is especially true where, as here, the rule provides no time limit within which a rehearing may be applied for.

It is true that the courts will not review quasi-judicial determinations of this nature until all proceedings available to the aggrieved party before the municipal authorities have been resorted to. Ordinarily this does not require applications for rehearing, which lie where the tribunal has overlooked some essential point. This is not to be presumed. Subdivision 5 of section 1285 of the Civil Practice Act, by inference, eliminates an application for rehearing as a condition precedent to court review in the present instance by stating that the procedure under article 78 shall not be available to review a determination " Where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the petitioner's application; unless the determination to be reviewed was made upon a rehearing, or a rehearing has been denied, or the time within which the petitioner can procure a rehearing has elapsed." In this instance there is no statutory authority to rehear in the Zoning Board of Appeals, its power to do so being simply that which is possessed in general by such boards to be exercised pursuant to reasonable rules which they may adopt to govern their own procedure. The purpose in requiring an aggrieved party to apply for a rehearing before resorting to the court where a rehearing *is authorized by statute* is evidently to clarify the instances where such a condition precedent to court review applies and to rule it out where the procedure for rehearing is as informal and as indefinite as in this instance. This is attested by the circumstance that no

time limit is placed upon the making of applications for rehearing to the Rochester Zoning Board of Appeals, so that, if petitioner's position be correct, he could by delaying an application therefor prolong without limit his time to resort to the court in a proceeding under article 78 of the Civil Practice Act.

The findings of fact in this case adopted by the Zoning Board of Appeals on July 11, 1946, as a basis for its decision handed down on March 28th, are here without effect. Prior to making its decision the members of the Zoning Board of Appeals viewed the premises, and these findings of fact were evidently adopted in order to comply with *People ex rel. Fordham M. R. Church* v. *Walsh* (244 N. Y. 280) . Possibly the board's determination of March 28, 1946, could have been reviewed if timely proceedings had been instituted on the ground that no findings of fact had been made formulating the material facts which the members of the board had ascertained upon their personal examination of the premises. It is too late to review such an objection in the present proceeding. The findings made for the first time on July 11th are ineffective to lengthen the Statute of Limitations by causing the decision to take effect on the date when the findings were made. These findings were made, in any event, after the pending proceeding was begun.

The petition is dismissed.