In the Matter of BERNARD HARRINGTON, Petitioner, against CHARLES COSTER et al., Individually and as Members of the Temporary City Housing Rent Commission of the City of New York, et al., Respondents.

Supreme Court, Special Term, Queens County, February 16, 1949.

*Joseph J. Crisa* and *Irving Heisler* for petitioner.

*Nathan W. Math* for respondents.

*Benjamin Goldring* for Mike Raft, tenant, respondent.

HALLINAN, J. Application for an order reviewing the determination of the temporary city housing rent commission and directing the issuance of a certificate of eviction.

Petitioner, his wife, and two sons reside in a three and one-half room apartment. They desire possession of a building which, at one time, may have been a one-family house, but which for the past twelve years at least, and perhaps longer, has been used as a rooming house. The present tenant is so using it. He rents three separate furnished rooms on the top floor to three individuals, a two-room apartment on the main floor to a husband and wife with a three-year-old child, a two-room unfurnished apartment on the basement floor to one individual, and he, himself, occupies sleeping quarters in a basement garage.

Respondents have pleaded as a separate defense the Statute of Limitations. (Civ. Prac. Act, § 1286.) The first order of denial herein was made on July 28, 1948. An application for a rehearing again resulted in a denial on December 30, 1948. Petitioner began this proceeding on January 11, 1949, more than four months after the original determination. It is from that date that the time within which to seek a review commences to run. (*Matter of Hall* v. *Leonard,* 260 App. Div. 591, 595, affd. 285 N. Y. 719.) Petitioner contends that because of the provisions of subdivision 5 of section 1285 of the Civil Practice Act, the time should be computed from the decision on the rehearing. Subdivision 5 of section 1285 of the Civil Practice Act provides that a review under article 78 of the Civil Practice Act is not available " Where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the petitioner's application * * *." This provision is by its very terms applicable only where a rehearing " is expressly authorized by statute ". It does not apply where a body or officer grants a rehearing pursuant to its inherent power. (*Matter of Canzano* v. *Hanley,* 188 Misc. 167.) A rehearing in this case was granted pursuant to regulations of the commission and not by virtue of any express statutory authorization. Accordingly petitioner's application is barred by the Statute of Limitations.

On the merits it must be said that while the petitioner may be crowded and uncomfortable in his present quarters, the facts in this case present such a close question that it cannot be said that the respondents have been arbitrary or capricious. The determination of the respondents is affirmed and the petition is dismissed. Submit order.