In the Matter of JAMES AMBROSIO, Petitioner, against ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON, Respondent.

Supreme Court, Special Term, Nassau County, October 21, 1949.

*George M. Blaesi,* for petitioner.

*Schuyler M. Meyer* and *Henry M. Kidder, Jr.,* for respondent.

FROESSEL, J.   Petitioner is the owner of certain real property located at Melville, in the town of Huntington, Suffolk County, N. Y.  In 1940, part of the property lay in a residence E district and part in a residence B district.  In that year, petitioner applied to respondent for permission to construct and operate a commercial poultry farm on that part of his property which was in the residence E district, which he described as a " farming community."  His application was granted on September 20, 1940, the decision stating: " *   *   * it being understood that all buildings to be erected shall conform to the requirements of the Zoning Ordinance."  Allegedly because of his uncertain military status, he did nothing in furtherance of this project until January, 1949, more than eight years later, when for the first time he applied for a building permit.  He contends that this application was not officially ruled upon, but that he was referred to the zoning board, and advised to reapply for a new variance as his old one had expired under a rule adopted by respondent in 1947, to which further reference will be made hereafter.  Petitioner did reapply and his application was denied on March 18, 1949.  A further hearing was held on May 10, 1949, at the request of petitioner's attorney, at which petitioner requested recognition of the validity of the original variance.  This was denied in a decision, dated May 20, 1949, and the original variance was revoked.  It is this decision of May 20, 1949, which petitioner seeks by this application to have reviewed and annulled, pursuant to article 78 of the Civil Practice Act.

Respondent in its brief raises the preliminary objection that this proceeding, commenced on June 18, 1949, is barred by the Statute of Limitations, in that it was not commenced within thirty days after the decision of March 18, 1949.  (Town Law, § 267, subd. 7.)  There is no doubt that this objection would be valid (*Matter of Hall* v. *Leonard,* 260 App. Div. 591, affd. 285 N. Y. 719) if properly raised either by motion before pleading (Civ. Prac. Act, § 1293; *MacKenzie* v. *Climax Industries,* 73 N. Y. S. 2d 504, 506) or by the pleading itself (*Lindlots Realty*

*Corp.* v. *County of Suffolk,* 278 N. Y. 45, 54). The respondent has failed to raise the point by either method and the objection must, therefore, be deemed to have been waived (*Matter of Spanierman,* 58 N. Y. S. 2d 322, affd. 270 App. Div. 885).

The variance granted in 1940 affected about two thirds of petitioner's property. His recent application to the respondent board sought a variance with respect to all of his property. During the intervening eight and one half years his property has been rezoned so that all of it now lies in a residence B·district. While the building zone ordinance under which his 1940 variance was granted permits a commercial poultry farm to be maintained in any residence district upon the consent of the board of appeals and upon certain conditions, and no distinction is made among the different classes of residence districts, nevertheless, the rezoning of his property from an E district to a B district is significant. Several homes have been built in the vicinity. The community has tended toward a change from a rural to a residential use. In 1940 only one neighbor objected to the granting of a variance. In 1949 nine neighbors attended the public hearing, and one sent a letter, all objecting to a variance for a poultry farm. Upon the record, it cannot be said that the respondent board was arbitrary or capricious in denying petitioner's present application for a variance. This leaves for consideration the question of whether the variance granted in 1940 still has any validity.

In 1947, respondent adopted a rule to the effect that any order of the respondent board granting a special exception or variance from the terms of the building zone ordinance shall be valid for only one year from the date of said order, unless within that period the applicant apply for a building permit and commence construction or use, or unless an extension be granted. (Art II, rule 6.) From the papers it is not clear whether this rule was adopted on May 9, 1947, or on August 8, 1947, but in any event it became effective, at the latest, on October 14, 1947, when the clerk in charge of the board's records was appointed a deputy town clerk, at which time the rule, being a public record in the town clerk's office, could be said to be duly promulgated. (Town Law, § 267, subd. 1.) Petitioner's claim, therefore, that he had no notice of said rule is without merit. The public was presumed to have notice of it once it had been made available for public inspection in the town clerk's office. (*Ottinger* v. *Arenal Realty Co.,* 257 N. Y. 371, 380.)

A building zone ordinance may empower a board of appeals to attach conditions to a variance. (*Matter of Reed* v. *Board*

*of Standards & Appeals,* 255 N. Y. 126, 133.) The building zone ordinance of the town of Huntington so empowers the respondent board. (Article IX, sec. 2.) There can be no question, therefore, of the validity of rule 6 with respect to variance granted after its effective date.

But, petitioner argues, even conceding the power of the board to require compliance with certain conditions as a prerequisite to the granting of a variance, it could not affix conditions retroactively to a variance previously granted. This argument is without merit. Variances may be revoked entirely when no vested rights have accrued, and even after a permit has been issued (*Matter of Fairchild Sons* v. *Rogers,* 246 App. Div. 555; *Matter of Fox Lane Corp.* v. *Mann,* 216 App. Div. 813, affd. 243 N. Y. 550). Petitioner is in no better position, because a variance had once been granted to him, than when he had an absolute right to use the property as he chose, before the adoption of any zoning ordinance. In either case, whether his right is absolute or has been granted by way of a variance, a zoning ordinance may be enacted or amended so long as he had not used the property for the purpose allowed or had not expended moneys in an endeavor to do so. The variance has no greater force than the absolute right.

In the instant case, no vested rights have accrued. Petitioner has done nothing with respect to constructing a poultry farm. Since petitioner had no vested right in the variance granted in 1940, it could have been revoked entirely in 1947 and, a fortiori, could be conditioned upon performance within one year. As a matter of fact, the decision granting the original variance expressly stated, as hereinbefore pointed out: " * * * it being understood that all buildings to be erected shall conform to the requirements of the Zoning Ordinance."

Petitioner's further contention that respondent had no right to reopen the hearing and revoke the original variance is also without merit. Subdivision 6 of section 267 of the Town Law now specifically provides that a board of appeals may review any order, decision or determination which it has not previously reviewed. Even aside from this provision, the board has always had the power to reconsider where a new situation is presented (*Matter of Reed* v. *Board of Standards & Appeals,* 255 N. Y. 126, 133, *supra*). In any event, the question is academic since the variance had expired by virtue of the aforesaid rule 6.

Under all the circumstances, petitioner's application must be dismissed.

Submit order accordingly.