In the Matter of JOHN SIMA et al., Respondents, against BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Appellants.— In a proceeding to review a determination of the board of standards and appeals of the City of New York, which granted an application under subdivision (f) of section 7 of the Zoning Resolution of the City of New York, for a variance to permit the erection and operation of an automobile service station in a business use district, order denying a motion to vacate the order of certiorari and annulling the determination of the board, reversed on the law and the facts, with one bill of $50 costs and disbursements to appellants, determination of the board of standards and appeals confirmed, and the petition to review dismissed, without costs. The variance was granted for a period of fifteen years, subject to conditions and safeguards imposed by the board, which determined that the granting

of the application, under the circumstances disclosed, would be in harmony with the general purpose and intent of the zoning resolution. The board appears to have acted upon a reasonable basis, and on sufficient evidence to permit the exercise of its discretionary powers under subdivision (f) of section 7, and since it acted within its jurisdiction, its determination may not be set aside. The present case is distinguishable from those which arise under section 21 of the zoning resolution, in which a unique hardship must be established. (*Matter of Douglaston Civic Assn.* v. *Board of Standards & Appeals of City of New York*, 278 App. Div. 659.) Nolan, P. J., Carswell, Johnston and Sneed, JJ., concur; Wenzel, J., dissents and votes to affirm, with the following memorandum: The effect of the determination of the board in this and the numerous other exceptions granted in this vicinity is to change permanently the present zoning. There are now in the radius of a few hundred feet, four gas stations, with several more within a block or two. These can, and undoubtedly will, hamper the development of this neighborhood in the manner contemplated by the zoning ordinance. While the variance is limited to fifteen years, it may well be, considering the rate at which Queens County has developed in the last decade and the large scale on which today's builders are operating (witness Fresh Meadows, Glen Oaks, etc.), that the tide of building progress will reach beyond this point in much less than that time. There is certainly no need for another gas station, and the plight of the property owner granted the variance does not differ from that of all other property owners abutting Northern Boulevard at this point. "The stability of the neighborhood and the protection of property of others in the vicinity are important considerations. The financial situation or pecuniary hardship of a single owner affords no adequate ground for putting forth this extraordinary power affecting other property owners as well as the public." (*Matter of Young Women's Hebrew Assn.* v. *Board of Standards & Appeals of City of New York*, 266 N. Y. 270, 277.)