In the Matter of WESTERN NEW YORK WATER COMPANY, Petitioner, against PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

Supreme Court, Special Term, Albany County, June 9, 1953.

*Bernard D. Fischman* for petitioner.

*Lawrence E. Walsh* for Public Service Commission, respondent.

*Melvin L. Bong* and *Laurence J. Olmsted* for Erie County Water Authority, respondent.

MACAFFER, J. This is a proceeding under article 78 of the Civil Practice Act, as stated in the notice of application, " for review and correction of the report of the Examiner herein in

Case No. 15799, dated September 29, 1952, as adopted by memorandum of the Public Service Commission, dated September 30, 1952, of the order of the Public Service Commission, dated September 30, 1952, and of the order of the Public Service Commission, dated December 18, 1952, and of all determinations and certifications made by the Commission in said Case No. 15799 referred to in the petition hereto annexed; for a final order reversing and annulling said report, memorandum and orders and said determinations and certifications, and remanding the proceeding to the Public Service Commission for further hearings in accordance with the application of the petitioner herein to the Public Service Commission, dated October 28, 1952, prohibiting and restraining the Commission from proceeding further in said Case No. 15799 ''.

The order of the Public Service Commission dated September 30, 1952, was made pursuant to section 5-a of the Condemnation Law after a public hearing, in which order the Public Service Commission certified to the County Court of the County of Erie as follows:

'' 1. That the annual earnings which may reasonably be anticipated by Western New York Water Company pursuant to just and reasonable rates, with due regard, among other things, to a reasonable average return upon capital actually expended and to the necessity of making reservations out of income to surplus and contingencies, are $402,300.

'' 2. That the rate base as of June 30, 1952, and the rate of return from which the above estimate of earnings is derived are:

>                Rate Base              $6,705,000
>                Rate of Return         6% ''.

On or about October 29, 1952, the petitioner filed with the Public Service Commission a petition for a rehearing of the certification made by the Public Service Commission for the alleged purpose of the receipt of evidence claimed to be further or additional evidence upon which such evidence the petitioner contended a redetermination of the certification was required. The application for such rehearing was denied by the Public Service Commission by order dated December 18, 1952.

The respondent, Public Service Commission, sets up in its answer in this proceeding as a third separate defense that this proceeding is barred by the provisions of section 5-a of the Condemnation Law requiring the institution of a review under article 78 of the certification within thirty days of its determination. The order of the Public Service Commission making

the certification, as hereinbefore stated, was made on September 30, 1952.

Section 5-a of the Condemnation Law provides, so far as is pertinent here, as follows: " The commissioners of appraisal in such proceeding shall not ascertain and determine the amount of compensation to be made by the plaintiff to the owners of the property appraised by them, until thirty days after such certification has been so served, and, in the event that a proceeding pursuant to article seventy-eight of the civil practice act is commenced within such thirty day period, until after it has been finally determined. * * * Any such certification by the commission shall, within thirty days, be subject to review, pursuant to article seventy-eight of the civil practice act."

Such short Statute of Limitations takes precedence over the four months' limitation of section 1286 of the Civil Practice Act as the section so expressly states. (See, also, *Campbell* v. *Nassau Co.*, 273 App. Div. 785, and *Matter of Canzano* v. *Hanley*, 188 Misc. 167.)

The petitioner, however, contends that, as it had a right to apply for a rehearing of the certification under section 22 of the Public Service Law, that the certification was not final and conclusive until such application for a rehearing had been made and denied. It bases its contention on the provisions of subdivision 5 of section 1285 of the Civil Practice Act.

Section 5-a of the Condemnation Law does not make any provision for an application for a rehearing of the certification once made. In two instances it expressly fixes a period of thirty days after its determination within which (a) the commissioners of appraisal cannot proceed to determine the award and (b) to review the certification under article 78. This statute being complete in itself cannot have construed into it provisions of another statute, not in *pari materia*. (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 221, p. 282; *Matter of Low*, 208 N. Y. 25; *Matter of City of Brooklyn*, 148 N. Y. 107; *Matter of Simmons* [*Ashokan Reservoir, Section No. 6*], 130 App. Div. 350, affd. 195 N. Y. 573, affd. 229 U. S. 363; *Matter of Grade Crossing Comrs.*, 20 App. Div. 271.)

Since there was no right to an application for a rehearing under the Condemnation Law, the making of an application therefor did not toll the thirty-day Statute of Limitations. (*Matter of Mahoney* v. *Conway*, 281 App. Div. 1057.) The fact that the Public Service Commission entertained petitioner's application for rehearing and then denied it, on its merits as the petitioner contends, cannot enlarge the time the Legislature

has provided for the institution of a review of the certification by the Public Service Commission. The determinations of the Public Service Commission are valid only so far as the commission acts within the authority delegated to it by the Legislature (*Matter of City of Rochester,* 286 N. Y. 109) and, as pointed out above, the Condemnation Law does not provide for a rehearing. Even if the Public Service Commission be considered to have inherent power to grant rehearings, such power cannot serve to extend the Statute of Limitations. (*Matter of Canzano* v. *Hanley,* 188 Misc. 167, *supra.*) Two processes in law may go on at the same time. (*Matter of New York Central R. R. Co.* v. *Public Service Comm.,* 238 N. Y. 132.)

The objection in point of law set forth in the respondent, Public Service Commission's answer, in its third separate defense that this proceeding is barred by the Statute of Limitations set forth in section 5-a of the Condemnation Law is therefore sustained. The court, having reached this conclusion, has not passed upon any of the other contentions of the parties as it would serve no purpose to do so. The proceeding is dismissed, with costs to the respondent, Public Service Commission.

Submit order.