In the Matter of ARLINGTON VILLAGE DEVELOPMENT CORPORATION, Petitioner, and LAURA MARTINETTI, Intervener, Petitioner, against BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents, and SAMUEL L. BENJAMIN et al., Interveners, Respondents.

Supreme Court, Special Term, Kings County, July 31, 1953.

*Hodges, Reavis, McGrath, Pantaleoni & Downey* for petitioner.

*Sidney I. Laitman* for intervener, petitioner.

*Denis M. Hurley, Corporation Counsel (Murray Rudman* and *Milton Mollen* of counsel), for respondents.

*Reginald S. Hardy* for interveners, respondents.

COHEN, J. This is a certiorari proceeding, instituted pursuant to subdivision e of section 668 of the New York City Charter and section 668e-1.0 of the Administrative Code of the City of New York, to review a determination of the board of standards and appeals granting a variance, for a stated term of twenty years, permitting the erection of an automobile showroom and service station on premises located on the northeasterly corner of Atlantic Avenue and Highland Place, Brooklyn, New York.

The said premises, owned by intervener respondents, Samuel L. and Clara Benjamin (hereinafter referred to as " Benjamin "), are located in a Residence Use, C Area and Class 1 Height Districts as defined in the Zoning Resolution of the City of New York.

In December, 1951, Benjamin applied to the department of housing and buildings for permission to erect an automobile showroom, service station and related facilities on the subject premises. This application was necessarily denied by the borough superintendent — an official not having power to grant a variance — because the contemplated uses were violative of section 3 of the Zoning Resolution and the area of the proposed structure was in excess of that permitted by section 13 of the resolution. On December 20, 1951, Benjamin applied to the board of standards and appeals for a variance of the use and area regulations to permit the erection of the proposed building for the specified uses. This application was made pursuant to subdivision (e) of section 7 and section 21 of the resolution.

Section 7, and the relevant provision thereof, provides:
" § 7. *Use District Exceptions.* The Board of Standards and

Appeals may, in appropriate cases, after public notice and hearing, and subject to appropriate conditions and safeguards, determine and vary the application of the use district regulations herein established in harmony with their general purpose and intent as follows: * * * (e) Permit, for a stated term of years, buildings and uses not in conformity with the requirements of this article and not otherwise specifically provided for in this section.''

Section 21 provides: '' § 21. *Rules and Regulations; Modification of Provisions.* The Board of Standards and Appeals shall adopt from time to time such rules and regulations as they may deem necessary to carry into effect the provisions of this resolution. Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this resolution the Board of Standards and Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare may be secured and substantial justice done. Where the street layout actually on the ground varies from the street layout as shown on the use, height or area district map, the designation shown on the mapped areas shall be applied by the Board of Standards and Appeals to the unmapped streets in such a way as to carry out the intent and purpose of the plan for the particular section in question. Before taking any action authorized in this section the Board of Standards and Appeals shall give public notice and hearing.''

A public hearing on the application was held on July 8, 1952, at which time interested persons were afforded an opportunity to express their views. The matter was adjourned thereupon to allow a personal inspection of the subject premises and the surrounding area by a committee of the board. Such inspection was made and, on July 25, 1952, the application was granted by unanimous vote of the board. The variance as granted, however, was limited by numerous conditions on the construction and operation of the proposed structure, which conditions appear to have been reasonably imposed for the purpose of protecting and safeguarding the surrounding area and its inhabitants.

The return made by the board to the order of certiorari herein reveals with commendable particularity the procedure it followed and the numerous matters it weighed before rendering a decision.

Petitioner, the owner of a residential development on the southerly side of Atlantic Avenue, opposite the subject premises, thereupon instituted this proceeding. The instant application is

a motion by respondents to dismiss the certiorari order and to confirm the determination of the board.

*Inter alia* the board has found that the granting of a variance herein, with the safeguards and limitations imposed, was " in harmony with the spirit and purpose of the Zoning Resolution, does secure the public health, safety and general welfare and does do substantial justice." There is ample evidence in the record to support such finding.

In *Matter of Reed* v. *Board of Standards & Appeals* (255 N. Y. 126, 136) the unanimous court said (per POUND, J.) that " The Board has a wide scope in the exercise of its discretion whenever the discretion to make variances is granted to it. * * * When the application is granted the question of power only is to be considered. Is the action of the Board unjustifiable as matter of law under the specific provisions of the zoning resolution relied on? "

Upon the facts herein it cannot be held by this court that the grant of a variance by the respondent board was unjustifiable under the provisions of subdivision (e) of section 7 or section 21 of the resolution. In the opinion of this court the board acted upon a reasonable basis and on sufficient evidence to permit the exercise of its discretionary powers under the applicable sections. Since the board acted within its jurisdiction, its determination may not be set aside. (*Matter of Douglaston Civic Assn.* v. *Board of Standards & Appeals,* 278 App. Div. 659, affd. 302 N. Y. 920; *Matter of Sima* v. *Board of Standards & Appeals,* 278 App. Div. 785.)

As to the petitioner's contention concerning the unconstitutionality of section 7 of the Zoning Resolution, it has been expressly held that this section does not unlawfully delegate the legislative power to a subordinate body (*People ex rel. Sheldon* v. *Board of Appeals,* 234 N. Y. 484; *People ex rel. Beinert* v. *Miller,* 188 App. Div. 113). See, also, *Matter of Aloe* v. *Dassler* (278 App. Div. 975) wherein the Appellate Division of this department, in passing upon the constitutionality of a statute essentially identical with the statute considered herein, held: " The provisions of the zoning ordinance under review confer no power on the board of appeals which may not be lawfully delegated to an administrative body. Standards are provided which, though stated in general terms are capable of a reasonable application and are sufficient to limit and define the board's discretionary powers." This holding has since been affirmed by the Court of Appeals (303 N. Y. 878). For an exhaustive discussion of the subject, wherein the constitutionality of the

instant statute was upheld, see the opinion of Mr. Justice JOHN-STON in *Matter of Thomas* v. *Board of Standards & Appeals* (263 App. Div. 352, revd. on other grounds 290 N. Y. 109).

The order of certiorari is vacated, the petition is dismissed and the determination of the board is confirmed.

Settle order on notice.