G. Robert Wither, J.
In this action for judgment declaring illegal and invalid the variance granted by the defendant Town of Walworth to the defendant Raymond Kummerow, permitting the latter to operate a gravel pit on his premises, it appears that plaintiff lives across the road from defendant Kummerow in the adjoining Town of Ontario; that he was not given specific notice of said defendant’s application for the variance to operate a gravel pit, and failed to see the notice published in the official newspaper of the Town of Walworth of the application for such variance and proposed hearing thereon; and hence did not appear and object to the application. The variance was granted and filed on November 11, 1964; but the plaintiff says that he did not learn thereof until September, 1965, long after the time to initiate a review proceeding under article 78 of the CPLR.
*660 The plaintiff claims that it was the practice of the defendant Town of Walworth to mail notice to all the persons listed in an application as neighbors interested in a proposed variance; that the plaintiff fraudulently omitted to set forth in his application plaintiff’s name as such an interested person; and hence that the variance is illegal and invalid.
The plaintiff postulates that the Zoning Ordinance of the Town of Walworth was duly enacted in accordance with the Town Law (art. 16) and contains all provisions required thereby, and admits that the ordinance contains no provision for notice by mail to interested neighbors of applications for variances. Admittedly, also, plaintiff depends upon the ordinance for any rights he has herein, for in the absence of an ordinance the defendant Kummerow would have a right to operate a gravel pit on his premises so long as he did not create a nuisance.
The plaintiff was not, therefore, entitled to specific notice of defendant’s application; the variance was duly granted; and the plaintiff has no lawful complaint against the Town of Walworth with respect to the variance. (See Matter of Griest v. Hooey, 205 Misc. 396.)
Moreover, it is not readily apparent what obligation the officials of the Town of Walworth would have to persons outside of said town, in the .absence of a showing of affirmative acts of harm by the town against such nonresidents.
The motion to dismiss the complaint is treated as one for summary judgment (CPLR 3211, subd. [c]); and judgment is granted to the defendant Town of Walworth declaring that the said variance is in all respects valid.
Submit judgment accordingly. :