In the Matter of the Application of the ITALIAN HOSPITALIZATION SOCIETY, INC., a Non-profit Membership Corporation, Petitioner, for an Order against THE STATE DEPARTMENT OF SOCIAL WELFARE, THE STATE BOARD OF SOCIAL WELFARE and ALFRED H. SCHOELLKOPF, Chairman, Respondents.

Supreme Court, Albany County, February 25, 1942.

*Zichello & Catenaccio,* for the petitioner.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor General,* and *Nathaniel Fensterstock, Assistant Attorney-General,* of counsel], for the respondents.

RUSSELL, J. Upon the return of an order to show cause the petitioner herein has moved under article 78 of the Civil Practice Act for an order commanding the respondents, or either of them, to issue an approval of the amended certificate of the petitioner and further commanding them to indorse such approval thereon, or annex such approval thereto.

It appears that the Italian Hospitalization Society, Inc., a domestic corporation, organized under the Membership Corporations Law May 3, 1937, realizing that it was owning and operating a hospital (*i. e.,* the Parkway Hospital) without authority to do so, on November 30, 1939, submitted for the approval of the State Board of Social Welfare a " Certificate to Amend Certificate of Incorporation of the Italian Hospitalization Society, Inc.," pursuant to section 30 of the Membership Corporations Law.

Paragraph " third " of that certificate reads as follows:

" (b) To provide primarily to needy Italians and those of Italian extraction free hospitalization in institutions conducted by others.

" The purposes and powers of the said corporation are amended and restated as follows:

" (b) To provide hospitalization primarily to needy Italians and those of Italian extraction in institutions conducted by others, and to establish and maintain a hospital and dispensary."

Subdivision 1 of section 11 of the Membership Corporations Law provides in substance: " That the certificate of incorporation of any hospital * * * dispensary * * * shall have endorsed thereon or annexed thereto the approval of the State Board of Social Welfare."

Pursuant to this statutory authority the State Board of Social Welfare inquired into the merits of the application of the petitioner's certificate and on April 10, 1940, unanimously adopted a resolution of disapproval upon the following grounds:

(1) Operation of the Parkway Hospital as a proprietary hospital, in a manner detrimental to the carrying out of existing corporate purposes.

(2) Need for proposed amendment has not been demonstrated.

(3) Approval of the proposed amendment might establish an undesirable precedent and result in the operation of the Parkway Hospital as a voluntary hospital of insufficient capacity and resources to do effective work.

(4) The commissioner of the hospitals of the city of New York, the director of the Greater New York Hospital Council and the director of the United Hospital Fund have expressed their opposition to the proposed amendment, and the department's staff has recommended that the application be disapproved.

On April 22, 1940, the petitioner was notified of the disapproval.

On December 16, 1940, more than four months after the determination of the respondents, the petitioner returned to the respondents the same " Certificate to Amend Certificate of Incorporation of the Italian Hospitalization Society, Inc.," which had been disapproved, asking for its approval.

The Board of Social Welfare as a matter of courtesy, but not pursuant to statutory direction, granted the petitioner a hearing as to whether or not the former action of the Board should be modified. After said hearing the Board adhered to its original determination of April 10, 1940. On April 15, 1941, the Board refused to modify its original determination.

The petition on this motion was verified on the 6th day of August, 1941, and the papers were served on the 8th day of August, 1941.

The main questions to be determined upon this application are *First,* is this application barred by the Statute of Limitations (Civ. Prac. Act, § 1286), and *second,* did the Board in disapproving of the amended certificate of the petitioner act in an arbitrary, capricious and discriminatory manner?

The disapproval of the Board rendered on April 10, 1940, or its notification sent the petitioner on April 22, 1940, was more than four months prior to the institution of this proceeding. The second hearing, or the one granted for a modification as a matter of courtesy and not pursuant to statute, should not be considered in figuring the Statute of Limitations. The petitioner was, therefore, late under the statute in making its application to this court.

However, I do not decide this application upon the mere technicality of the Statute of Limitations. The principal question for the determination of this court is the action of the Board. From a careful reading of the hearings, I fail to see that the Board acted in any malicious, capricious or arbitrary manner. It evidently determined this matter from a realization of the best interests of public welfare. There appears to be no ground upon which this court could say the Board of Social Welfare did not act in reason. This court should not substitute its judgment for that of the Board where it clearly appears that there was no arbitrary or malicious exercise of power. (*People ex rel. St. Albans-S. Corp.* v. *Connell,* 257 N. Y. 73, 82.)

However, this court is passing only upon the question of law as to malice and not reviewing the facts which embrace the merits of the situation.

The application is, therefore, denied.

Submit order.