In the Matter of the Accounting of CAROLINE W. EDWARDS et al., as Executors of DANIEL M. EDWARDS, Deceased.

Surrogate's Court, Onondaga County, September 17, 1947.

*Hancock, Dorr, Ryan & Shove* for James H. Slocum, as executor of Daniel M. Edwards, deceased, petitioner.

*John C. Boland* for Bertha C. Persse, as executrix of Fred B. Persse, deceased executor of Daniel M. Edwards, deceased, petitioner.

*Moser, Johnson & Reif* for E. Winston Rodormer and another, as trustees under the will of Daniel M. Edwards, deceased, and others, respondents.

MILFORD, S. The petitioners, Patrick J. Sullivan, James H. Slocum and Bertha C. Persse, as executrix of the last will and testament of Fred B. Persse, deceased, as executors of the last will and testament of Daniel M. Edwards, deceased, filed claims for additional executors' commissions.

A motion for summary judgment under rule 113 of the Rules of Civil Practice was brought by the respondents, E. Winston Rodormer, Donald R. Knaus, trustees under the will of Daniel M. Edwards, deceased, Dorothy E. Slocum, Mary E. Rodormer, Barbara E. Slocum, Daniel E. Slocum and E. Winston Rodor-

mer, general guardian of George W. Rodormer, Robert E. Rodormer, Susan Rodormer and Mary Rodormer, legatees, beneficiaries and remaindermen under the will of said Daniel M. Edwards, deceased.

Rule 113 of the Rules of Civil Practice provides, in substance, that, when an answer is served in a proceeding to recover a liquidated claim on a contract arising from a judgment in which there is no triable issue of fact necessary to a decision, or when the answer sets forth a defense which is sufficient as a matter of law, where the defense is founded upon facts established by documentary evidence or official record, the petition may be dismissed by summary judgment.

The petitions present three claims for executors' commissions. One is for the immediate payment of $57,963.78, with interest thereon from January 22, 1936, to October 15, 1937. Another is a claim for interest upon $70,463.78, from May 15, 1935 (the date of the decree allowing executors' receiving commissions), to January 22, 1936 (the date upon which a payment of $12,500 was made to each executor), together with interest upon the balance of $57,963.78, from January 22, 1936, to date. Another is a claim for executors' disbursing commissions for turning over the assets of the estate as executors to themselves, as trustees, as of January 18, 1938, the date of the decree which directed the executors to turn over the assets to themselves, as trustees.

Daniel M. Edwards died a resident of the city of Syracuse, New York, on May 29, 1929, and letters testamentary were issued out of the Surrogate's Court of the County of Onondaga on June 19, 1929, to Patrick J. Sullivan, James H. Slocum, Fred B. Persse (now deceased), and Caroline Walker Edwards (now deceased), all of whom were named as executors and trustees in the will of Daniel M. Edwards, deceased.

Daniel M. Edwards, the decedent, was the owner, at the time of his death, of all of the common and preferred stock of E. W. Edwards & Son, a corporation operating department stores in the cities of Syracuse, Rochester and Buffalo. He was also the owner of all of the capital stock of Murray Realty Company, a real estate holding company which owns the properties in which E. W. Edwards & Son operates its stores.

Subsequent to the probate of decedent's will, appraisers were duly appointed to appraise the value of the estate, and the value placed upon the total estate was $8,358,244.62. The stock of E. W. Edwards & Son and Murray Realty Company was valued at $8,337,142. The value of these assets was appreci-

ably affected by the economic depression which commenced almost immediately after the testator's death.

The State of New York inheritance tax was fixed by a decree of the Surrogate of Onondaga County in the sum of $923,041.49. The Federal estate tax was fixed at $1,836,847.14. These taxes the estate was unable to pay, and, on January 21, 1936, the Federal Government brought an action against the executors and sought to have a receiver appointed to administer the assets of the estate. On January 22, 1936, the executors transferred all of the stock in E. W. Edwards & Son and the Murray Realty Company to the Fayne Realty Company. The consideration paid for the transfer was $50,440. From this sum of money the executors paid the sum of $440 expenses of the transfer and divided the balance among themselves, paying to each executor the sum of $12,500. Some time after this transfer the inheritance and estate taxes were compromised, the Federal Government accepting the sum of $50,000, and the State Government accepting the sum of $50,000 in compromise of the taxes. Following this compromise of the inheritance and estate taxes the stock of E. W. Edwards & Son and Murray Realty Company was retransferred to the executors and the sum of $67,500 was paid and an agreement was entered into, on or about October 16, 1937, with everybody interested in the estate with the exception of Walker E. Edwards, which provided, among other things, that the balance of commissions fixed by the decree of May 15, 1935, be provided for as follows: " It is agreed that the claims which Caroline Walker Edwards, Patrick J. Sullivan, James B. Slocum and Fred B. Persse have against the estate of Daniel M. Edwards, deceased, be fixed at $58,000.00 each, and that the Executors and Trustees agree to pay said sums within but not in excess of ten years as hereinafter provided, payment thereof to be secured as hereinafter agreed."

The executors filed in this court a petition and account on August 6, 1934, which account was judicially settled by a decree made and entered May 15, 1935. By that decree commissions were awarded to each of the executors in the sum of $40,463.78. In schedule " A " attached to and made a part of said decree are these words, " Total Commissions to the date of this accounting ". It appears that the commissions awarded by that decree were based upon the value of the estate as of the date of death. That value as fixed by the appraisers appointed by this court was $8,358,244.62. On October 29, 1937, the executors filed in this court a petition and an amended and supplemental account.

The assets in said amended and supplemental account were set forth as follows:

SCHEDULE A.

4,300 shares capital stock of Murray Realty Co — Value unascertainable

6,500 shares preferred stock of E. W. Edwards & Son — Value unascertainable

14,700 shares common stock of E. W. Edwards & Son — Value unascertainable

5/18 interest in five vacant lots and a 3-family dwelling house in Johnstown, New York, having a value of not in excess of $2,500.

Petitioners, Sullivan, Slocum and the deceased Persse, by their verified account of October 29, 1937, represented to the Surrogate and to all of the beneficiaries that the stock was unascertainable in value, and they petitioned the Surrogate to settle the account on that basis. The Surrogate settled the accounts as presented and made no award of executors' disbursing commissions as no claim was made that any value existed either to be appraised or used as a basis for calculating commissions.

By a subsequent decree made and entered on January 18, 1938, the executors were discharged as such and directed to deliver to themselves, as trustees, the assets in their hands. There was no award of commisisons in that decree.

From an examination of the records in this office relative to the estate of Daniel M. Edwards, deceased, it appears that, at the time of fixing the said executors' commissions, the estate was experiencing difficulties, and for a number of years no income was available — in fact, in 1937 the estate was insolvent. It apparently from then on was a hard, hard struggle until war conditions and the so-called prosperous era for the country, which accompanied the war conditions, bolstered and continued to bolster the value of the estate until today the value is very substantial. Surely, the executors did not foresee today's value back in 1937, when the stocks of the two corporations had passed into other hands, when the estate was insolvent. Could it be the unexpected affluence of the estate prompted these claims for additional executors' commissions? From the date of the execution of the agreement on October 16, 1937, there has been no proceeding save the one now pending, instituted with the award of commissions in view.

From an examination of the records, facts and circumstances as evidenced by the records before me in this estate, I am of the opinion that the claim for executors' disbursing commissions is precluded by reason of the doctrine of *res judicata*.

Several accountings have been had and several decrees have been entered judicially settling the accounts of the executors, and no appeal has ever been taken from any such decrees. The only claim heretofore made for commissions was the one made and granted in the accounting proceeding and decree therein entered which awarded the sum of $70,463.78 as commissions to the executors on or about May 15, 1935.

I also am of the opinion that the executors waived their right to disbursing commissions. They failed to claim their right when such right was available to them.

Once again it appears to me that the unexpected affluence of the estate prompts these present claims for executors' disbursing commissions.

As to interest upon the unpaid portion of the commissions awarded by the decree of May 15, 1935, I am of the opinion that the decree does not create an interest-bearing judgment in favor of the petitioners.

The executors did not provide in the agreement entered into on or about the 16th day of October, 1937, that the commissions which were due and owing were to bear interest.

Respondents' motion for summary judgment dismissing the petition herein is granted.