In the Matter of LAURENCE E. PRENDERGAST et al., Petitioners, against BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, New York County, April 14, 1948.

*Gerard N. Oak* for petitioner.

*John P. McGrath, Corporation Counsel (Bernard Licht* of counsel), for respondents.

EDER, J.   Proceeding by petitioner pursuant to the provisions of article 78 of the Civil Practice Act, for an order directing respondents to conduct an examination for him for license as first assistant in stenography and typewriting in the day high schools of the city of New York, comparable to the examination given by the respondents therefor on April 10, 1944.

Petitioner has been a regular teacher of stenography and typewriting in the day high schools of this city since May 23, 1937. On July 5, 1943, he was inducted into the Army of the United States and continued in military service until September 23, 1945, when he was honorably discharged; thereafter and on September 29, 1945, he resumed his position as a teacher of stenography and typewriting in the day high schools.

It appears that on February 7, 1944, respondents announced an examination for license as first assistant in stenography and typewriting in day high schools, and the examination was held on April 10, 1944. The examination announcement set forth the eligibility requirements and was by its terms a competitive examination open to all candidates who met the eligibility requirements. On November 15, 1947, petitioner requested the respondents to give him an examination for license as first assistant in stenography and typewriting in day high schools comparable to that given while he was in the military service. Petitioner's request was based on the provisions of subdivision 5 of section 246 of the Military Law. Subdivision 5 reads as follows: " 5. Rights upon restoration to position. A public employee restored to his position after the termination of his military duty or after the termination of his substitute appointment shall thereafter be entitled to the rate of compensation he would have received had he remained in his position continuously during such period of military duty or during such period of service as a substitute and shall be deemed to have rendered satisfactory and efficient service in such position during the period of his leave of absence and shall not be subjected directly or indirectly to any loss of time service, increment, or any other right or privilege, or be prejudiced in any way with reference to promotion, transfer, reinstatement or continuance in office. If a public employee, by reason of injuries sustained or disease contracted while on military duty, as hereinbefore defined, is incapable of efficiently performing the duties of his position after the termination of his military duty, he may, with the approval of the civil service commission having jurisdiction of such position, be transferred to any vacant position in the same jurisdictional classification and in the same governmental unit for which he has applied in writing and for which he has been found qualified, after such tests as the commission may deem appropriate, provided the rate of compensation for such position is not greater than the rate of compensation for the position to which such public employee was restored. If a promotion examination

is held while a public employee entitled to participate therein is on military duty, such public employee shall be given a comparable examination, provided he makes request therefor within sixty days after restoration to his position, and any such public employee, who heretofore failed to make a request to be given a comparable examination within sixty days after restoration to his position, shall be given a comparable examination, provided he makes request therefor prior to the thirty-first day of December, nineteen hundred forty-seven. If he passes such examination his name shall be entered on the regular promotion eligible list in relative order of rating and shall remain thereon until such list expires or is cancelled. If such list expires or is cancelled within two years after the name of such public employee has been placed thereon and if the name of such public employee would have been reached for certification while he was on military duty had his name appeared on the original eligible list with the rating ultimately received, his name shall be placed upon a special eligible list for the remainder of such two year period. Such special eligible list shall be certified before certification shall be made from a subsequent eligible list for the same position. A public employee, appointed from such special eligible list or from such promotion eligible list, after passing a comparable examination as herein provided, shall, for the purpose of computing seniority credit and training and experience credit upon promotion and seniority in the event of suspension or demotion, be deemed to have been appointed on the earliest date upon which any eligible, who was lower on the regular promotion eligible list, was appointed.''

The said request was denied by the respondents upon the ground that the examination conducted by them was an open competitive one and not a '' promotion examination '' within the purview of the statute.

The question involved is whether or not the examination for first assistant in stenography and typewriting in day high schools, conducted by the respondents on April 10, 1944, is a '' promotion examination '' within the scope of said subdivision 5.

Petitioner contends that said examination is such a promotion examination. Respondents contend it is not and that respondents' denial of the request was proper.

I am in accord with the petitioner's view.

Before discussing that feature I shall first address myself to the second separate defense contained in the answer of the respondents which pleads that pursuant to the provisions of section 310 of the Education Law, the remedy of the petitioner is to appeal to the State Commissioner of Education for a review of the action of the respondents; that prior to the institution of this proceeding he did not avail himself of this remedy, and that by reason of his omission to do so, this court, in the exercise of its discretion, pursuant to subdivision 4 of section 1285 of the Civil Practice Act, should decline jurisdiction of this proceeding.

Section 310 of the Education Law authorizes an appeal to the Commissioner of Education in consequence of any action by an official therein named or by any other official act or decision of any officer, school authorities, or meetings concerning any other matter or any other act pertaining to common schools; his decision in such appeals or proceedings is made final and conclusive and not subject to question or review in any place or court.

Subdivision 4 of section 1285 of the Civil Practice Act, declares that except as otherwise provided by statute, the procedure under article 78 shall not be available to review a determination where it can be adequately reviewed by an appeal to a court or some other body or officer.

The mentioned provision of the Education Law, it is held, does not preclude redress to the courts in a proper case (*Matter of Jacobson* v. *Board of Education,* 177 Misc. 809); that appeal to the Commissioner of Education is the exclusive remedy where it involves the exercise of discretion (*Matter of Levitch* v. *Board of Education,* 216 App. Div. 391, 392, citing *Matter of McCarthy* v. *Board of Education,* 106 Misc. 193, revd. on other grounds 188 App. Div. 930), and that where the right of a party depends upon the interpretation of a statute and it is claimed that a school board or official has proceeded to act in violation of an express statute, the courts will proceed to determine the matter, notwithstanding another method of settling the controversy has been provided (*Cottrell* v. *Board of Education,* 181 Misc. 645).

As this proceeding does not involve any discretionary action upon the part of the respondents, but involves rather the interpretation and construction of a statute, petitioner is properly before this court and was not required to appeal to the State Commissioner of Education; he could come directly to this court

as the appropriate tribunal to review the action of the respondents.

As previously mentioned, the respondents contend that the said examination for first assistant conducted by them on April 10, 1944, was a competitive examination, open and available to all candidates who met the announced eligibility requirements therefor, and that, therefore, the examination was not a promotion examination within the meaning of subdivision 5 of section 246 of the Military Law.

Section 605 of article IV of the By-Laws of the Board of Education of the City of New York provides as follows: " Promotion: Hereafter, the term promotion shall mean the appointment by the Board of Education of an employee from a lower salary schedule to the minimum salary of a higher salary schedule."

A certified copy of the by-laws containing the salary schedules and the schedule conditions are required to be filed with the State Commissioner of Education (Education Law, § 3103).

The courts have substantiated the definition in the by-laws. In *Matter of Friedman* v. *Kern* (171 Misc. 332, 335) it is stated: " An increase in salary beyond the maximum of the grade is a promotion for which an appropriate competitive examination is required wherever practicable."

In *Matter of Ryan* v. *Kaplan* (213 App. Div. 131, 138, affd. 240 N. Y. 690), the court said: " There is no doubt that an increase in salary beyond the maximum of the grade of the position is a promotion and a competitive promotion examination is necessary wherever practicable."

In the petitioner's brief, it is quite appropriately said: " In his affidavit, the respondent, Joseph Jablonower, Chairman of the Board of Examiners [of the Board of Education], quotes at length on the subject of ' promotions ' from the Rules of the Municipal Civil Service Commission and the rules for the Classified Civil Service of the State of New York. As Chairman of the Board which prepares examinations for the Board of Education, he must know that the examinations are made subject to the Education Law and the By-Laws of the Board of Education of the City of New York. Yet he does not quote them to substantiate his contention that these are not promotion examinations."

The courts have construed the military laws liberally (*Parker* v. *State of New York*, 185 Misc. 584; see, also, *Matter of Williams* v. *Walsh*, 289 N. Y. 1) and have taken the view that a severe and literal construction of the language employed in the

acts would involve a sacrifice of substance to form and defeat the ends of justice.

The respondents argue for the narrowest construction to be given to the phrase "promotion examination" as used in subdivision 5 of section 246 of the Military Law. In this connection petitioner argues, and I agree, that by doing so they eliminate from its application practically the entire Department of Education of the City of New York. Yet the provision in question is extremely liberal in the language employed. It states in part: "A public employee restored to his position after termination of his military duty * * * shall not be subjected directly or indirectly to any loss of time service, increment, or any other right or privilege, or be prejudiced in any way with reference to promotion, transfer, reinstatement or continuance in office."

The petitioner's application was rejected by the respondents because of a ruling and opinion by the committee on law of the Board of Education that subdivision 5 of section 246 of the Military Law, did not apply, in its opinion, to open competitive examinations within the generally accepted meaning of that expression, and that such examinations are not promotion examinations. The cases cited take a contrary view.

If the petitioner had not been inducted into the armed forces he would have been eligible to apply for and compete in the examination given on April 10, 1944; the Legislature extended the time for public employees to apply for promotion examinations until December 31, 1947; petitioner applied for such a comparable examination on November 15, 1947.

It appears from the petition that the Board of Education of the City of New York filed with the State Commissioner of Education a salary schedule of teacher of Pitman stenography and typewriting carrying a maximum salary per annum of $5,400, and for the position of first assistant a salary schedule carrying a maximum per annum salary of $6,588.

If petitioner should be successful in an examination, he would be promoted from a lower salary schedule to at least the minimum of a higher salary schedule. This appears to me to be a promotion within section 605 of article IV of the By-Laws of the Board of Education, and, also, within the cases cited and the opinion and advice of the board's committee on law are, as I view it, in conflict with the by-laws and the decisions.

The court finds itself unable to adopt the interpretation and construction urged by the respondents.

The motion is accordingly granted and a final order of peremptory mandamus is awarded to the petitioner. Settle order.