Samuel H. Hofstadter, J.
The petitioner was appointed a probationary patrolman in the city’s Police Department on October 1, 1952. On March 26, 1953 the Civil Service Commission marked the petitioner not qualified medically and withdrew his certification of eligibility and his services' as patrolman *187 were thereupon terminated as of midnight March 31, 1953. He has instituted this proceeding under article 78 of the Civil Practice Act for an order directing the commission to revoke the foregoing action and to certify him to the police commissioner as qualified and for an order directing the police commissioner to reinstate him to his former position as patrolman with back pay. He charges that his medical disqualification was without basis and arbitrary. This proceeding was instituted on March 6, 1956.
The respondents have moved at Special Term, Part III, on an affidavit, for an order pursuant to subdivision 5 of rule 107,. to dismiss the petition on the ground that more than four months have elapsed since the determination to be reviewed became final. The petitioner at the outset challenges the timeliness of this motion because not made within 20 days after service of the petition. The petition was served March 6 and the motion papers on the present motion were served April 14, 1956. Buie 107 prescribes that a notice of motion specifying an objection under subdivision 5 be served within 20 days after service of the “ complaint ”. Section 1293 of the Civil Practice Act, however, permits the respondent in a proceeding under article 78 to raise an objection in point of law warranting, the dismissal, of the petition by setting the same forth in the answer or by applying to the court on the return day for an order dismissing the petition as a matter of law. Notice of intention to apply for such an order must be served within the time allowed for answering and section 1291 requires service of the answer at least two days prior to the return day.
The return day herein had been adjourned to May 9, 1956, and this motion was made well within the time permitted to answer the petition. - In my opinion, the respondents’ present motion is timely. Ordinarily, motions such as this are made by way of cross motion returnable at Special Term,. Part I on the same date as the main proceeding. No different time schedule should be imposed because here, instead of following the usual course, the respondents have moved' in Part III under rule 107. The timeliness of this motion should be determined by its nattere, not its name nor the reference (possibly mistakenly) to the rule under which it purports to have been made. Article 78 still governs the proceeding and since it does not appear that any restriction on the respondents’ right to object to the petition in point of law was imposed when the return date was adjourned, I hold that the respondents’ motion has been made within the time permitted by sections 1291 and 1293. The objection to its timeliness is accordingly not upheld.
*188 ' Obviously more than four months have elapsed since the determination which 'resulted -in separating the petitioner from the service became final and binding upon him. The medical examination by the -chief surgeon -on July 7, -1955 and the review by the Police Department’s Medical Bureau on October 28, 1955, when his disqualification was adhered to, -did not extend the period within which-to bring this proceeding. Bequests for review, though acceded to, do not extend the -time where no review or reconsideration is provided for by law. (Matter of Harrington v. Coster, 194 Misc. 557.) Nor does a rehearing granted -as matter of courtesy extend " the time within which the proceeding may be brought. (Matter of Mahony v. Conway, 281 App. Div. 1057; Matter of Italian Hospitalization Soc. v. State Dept. of Social Welfare, 178 Misc. 183; Matter of Mottsman & Co. v. State Liquor Auth., 174 Misc. 41; Matter of Hall v. Leonard, 260 App. Div. 591, 595, affd. 285 N. Y. 719.) Moreover, this proceeding was not brought within four months after the petitioners last rejection by the Medical Board on October 28, 1955.
The petitioner argues, however, that this proceeding is not barred because the failure o'f the -respondents to revoke his disqualification nnd to restore him to the service is a continuing wrong and that, therefore, the limitation -prescribed by section 1286 of the Civil Practice Act has not run against him. In support of this contention he relied heavily -on the- Special Term decisión in Matter of Alliano v. Adams (140 N. Y. S. 2d 443). At the request of the respondents disposition -of this application has been withheld pending the determination óf -an appeal in the Alliano case, which the respondents urged would be -controlling here. ’The situation in the Alliano case was substantially the same as that in this ease. The Appellate Division on November 27, 1956, held in the Alliano case that one dismissed from his position as a probationary patrolman must commence an .article 78 proceeding within four months from the - effective date of his discharge. The termination of his service constituted a final determination and “ the theory of a -continuing wrong 'is hot applicable ”. (Matter of Alliano v. Adams, 2 A D 2d 532, 533.) On the authority of the Alliano case the court is constrained to hold that: this proceeding -is barred by the time limitation prescribed by‘section 1286 of the 'Civil Practice Act. The motion to dismiss is accordingly granted and the petition is dismissed.