"William B. Lawless, J.
This is a motion pursuant to section 1293 of the Civil Practice Act to dismiss an article 78 proceeding for lack of jurisdiction. The proceeding in question seeks to compel respondent school board to rescind an award of contract for electrical equipment for a language laboratory made to Hunter & Bell, Inc. It contends that respondent failed to make an award to the lowest responsible bidder. In the alternative, petitioner prays for an order awarding damages to the appropriate bidder or bidders.
It was stipulated upon the argument that all enumerated respondents be dropped from this proceeding except the Union Free School District No. 1 of the Town of Tonawanda, Brie County, New York and Hunter-Bell, Inc., Buffalo, New York, which corporation admittedly had not been served at the time of argument (Nov. 15, 1960).
*872 This matter arises out of the decision of the Board of Education of Union Free School District No. 1 of the Town of Tonawanda to install language laboratories in its school system. It appears that on March 17, 1960, the Board of Education duly advertised in local newspapers, seeking sealed bids for electrical language laboratory equipment for its secondary schools. Seven bids were received. On May 9,1960, during a regular meeting of the Board of Education, a contract for furnishing and installing five language laboratories was awarded to Hunter & Bell, Inc., whose bid was the highest submitted. The board concluded that the lower bids failed to meet specifications and were rejected. On May 17, 1960, five of the six unsuccessful bidders protested in writing the awarding of the contract to the highest bidder and petitioned the Board of Education for a new hearing and reconsideration. Thereafter and at a regular meeting of the board held on July 5, 1960, petitioner’s attorney representing five unsuccessful bidders appeared before the board and protested its action in awarding the contract to the highest of the seven bidders. At the meeting of July 5, 1960, the president of the board suggested that the petitioner submit a summary of its complaint to the board’s committee for study. Thereafter a written summary of objections was filed with the board. The board apparently referred the objections to a committee headed by Owen R. Bliven, audio-visual administrator for the district.
On August 8, 1960, Mr. Bliven presented a report in which he stated that the committee found the Hunter & Bell equipment ‘ ‘ would better serve the needs of teachers using it in comparison to the competitors’ product ”. Petitioner and representatives of the unsucessful bidders again appeared before the board at the regular meeting of August 8. At that meeting, the board declined to reverse its earlier award and closed the matter. At that meeting, it was the opinion of the board that since the contract had been awarded earlier and the equipment purchased, the matter was a closed issue.
Thereafter, on September 8, 1960, the article 78 proceeding was brought and respondent school board moves for an order dismissing it as a matter of law pursuant to section 1293 of the Civil Practice Act on the ground that this court has no jurisdiction of the subject or the necessary parties to the proceeding. It was agreed upon the oral argument that the only issue before the court at this time is the question of jurisdiction. The respondents urge that the petitioner has no recourse to the courts under article 78 because they have failed to appeal to the Commissioner of Education pursuant to subdivision 7 of section 310 of the Education Law and have therefore failed to exhaust *873 their administrative remedies. They contend that as such they were within the field of education and, therefore, within the sole province of the Commissioner of Education.
Respondents further urge that this court is without jurisdiction to rescind and annul the award made to Hunter & Bell, Inc., for the reason that the petitioner failed to serve Hunter & Bell, Inc., within four months from the original award of contract on May 9, 1960. To this petitioner responds that it intends to serve Hunter & Bell, Inc., prior to the expiration of four months from August 8, 1960, the date when the school board finally refused to set aside the contract. This court ruled in a memorandum dated December 5, 1960 that petitioner had until December 8,1960.
The only question presented to this court for decision at this time is whether it has jurisdiction of the article 78 proceeding in view of the remaining objection raised against it.
I.
Section 310 of the Education Law provides in pertinent part as follows:
“ Any person conceiving himself aggrieved may appeal or petition to the commissioner of education who is hereby authorized and required to examine and decide the same; * * *
Such appeal or petition may be made in consequence of any action: * * *
‘ ‘ 7. By any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools. ”
Respondent school board argues that the object of section 310 of the Education Law is to place all matters pertaining to education within the State under the authority and control of the Department of Education in order to remove educational questions so far as practicable and possible from controversies in the courts. It argues that the authority and jurisdiction of the Commissioner of Education is exclusive “in all matters relating to the discretionary acts on the part of officers or agencies of education ’ ’. Its argument proceeds that a language laboratory is an educational technique, its use is within the realm of educational administration and therefore, petitioner’s relief, if any, was to appeal the award of contract by the Board of Education to the Commissioner of Education whose decision, it is argued, would be final in the matter.
The petitioner, on the other hand, contends that the courts have repeatedly held that the provisions of section 310 of the Education Law are permissive and not the sole or exclusive *874 remedy, where the question relates only incidentally to the control of the schools hut mainly to property rights.
This court finds that the question presented is primarily one of a property right arising out of section 103 of the General Municipal Law which regulates competitive bidding throughout the State of New York and applied to the school board in question. This section provides that all purchase contracts involving an expenditure of more than $1,000 shall be awarded by the appropriate board to the lowest responsible bidder, furnishing the required security after advertisement for sealed bids in the manner provided by statute. The State Comptroller has uniformly ruled that school districts are amenable to this statute, and the language of the statute itself does not exempt school boards.
The court believes that the question of whether or not to have a language laboratory is clearly an educational question which, if challenged, could be appropriately appealed to the Commissioner of Education, but the question of whether or not this Board of Education complied with section 103 of the General Municipal Law in awarding the contract in question to the lowest responsible bidder concerns a property right and is reviewable under an article 78 proceeding. In Matter of Prendergast v. Board of Educ. (192 Misc. 376), Justice Edeb. held that section 310 of the Education Law does not preclude redress to the courts in a proper case; that appeal to the Commissioner of Education is an exclusive remedy where it involves the exercise of discretion but where the right of a party depends upon the interpretation of a statute and it is claimed that a school board or official has proceeded to act in violation of an express statute, the courts will proceed to determine the matter, notwithstanding another method of settling the controversy has been provided. (See, also, Cottrell v. Board of Educ. of N. Y., 181 Misc. 645.) In the Prendergast case, the court went on to hold that since the right of the petitioner depended upon an interpretation of a statute, the petitioner was properly before the court and was not required to appeal to the State Commissioner of Education.
We find in the case at bar that since the basic question presented is whether or not the Board of Education complied with the statutory provisions relating to competitive bidding, petitioner is properly before this court, even though it has not applied to the Commissioner of Education for review. This action by the board was not a discretionary act within the meaning of the Education Law.
*875 Respondents cite numerous authorities on the question of petitioner’s obligation to exhaust his administrative remedies. However, each of the cases cited relates to discretionary acts relating entirely to school questions as distinguished from property rights based on statutory law.
There is competent authority which holds that an appeal to the Commissioner is a nonexclusive remedy and does not preclude an aggrieved party from appealing to the courts. (Matter of Jacobson v. Board of Educ., 177 Misc. 809; Matter of Frankie v. Board of Educ., 285 N. Y. 541; Matter of Leeds v. Board of Educ., 19 Misc 2d 860.)
II.
The next objection to jurisdiction is based on the failure of petitioner to serve Hunter & Bell, Inc., within four months from the initial award of contract by the Board of Education. Respondents argue that the board made its final award on May 9, 1960, and therefore, petitioner’s failure to join Hunter & Bell, Inc., by September 9, 1960 is fatally defective. Petitioner argues that inasmuch as the Board of Education reconsidered its award, allowed petitioner to file written objections to it, referred it to a committee for study and then reaffirmed the award on August 8,1960, that it may serve Hunter & Bell, Inc., any time within four months after August 8,1960. It is admitted that, pursuant to section 1286 of the Civil Practice Act, this proceeding must be commenced within four months after the determination to be reviewed became finally binding.
On this question we find that since a rehearing was granted by the school board and the petitioner was permitted to submit proof that it was the lowest reasonable bidder, the statutory period runs from August 8,1960 when the award was reaffirmed by the board after its own review. (See Matter of New York Cent. R.R. Co. v. Public Serv. Comm., 238 N. Y. 132; Francisco v. O’Connell, 79 N. Y. S. 2d 543; Matter of Harrington v. Coster, 194 Misc. 577; Matter of O’Buck v. City of Yonkers, 2 A D 2d 775.)
CONCLUSION
We conclude that a property right is involved, that there is no obligation upon the petitioner herein to exhaust its administrative remedies, if any, and that this court has jurisdiction under article 78 of the Civil Practice Act. The objections are dismissed in point of law inasmuch as the petitioner has until December 8, 1960 to join Hunter & Bell, Inc., as a necessary respondent in this proceeding.