Reid S. Moule, J.
The petitioner in this proceeding seeks an order pursuant to article 78 of the CPLR annulling a determination of the Commissioner of Conservation and directing the Commissioner to reform the boundaries of spacing units of certain natural gas pools, or in the alternative, for an order transferring this proceeding to the Appellate Division. The respondent now moves for an order dismissing the petition on the grounds that it is insufficient and barred by the Statute of Limitations.
The petition shows that petitioner owns real property in Cattaraugus County in an area known as McClure Hollow Field, which area contains natural gas pools, and that the Conservation Department has a duty to provide for the operation and development of oil and gas properties in such a manner that a greater ultimate recovery of oil and gas may be had and that the correlative rights of all owners and the rights of all persons, including landowners and the general public, may be fully protected. It also shows that on August 10, 1965, the Commissioner issued “ Order No. 1 ”, spacing natural gas pools in McClure Hollow Field in units, thereby placing the interests of petitioner partly in Unit 1, partly in Unit 2, and partly in Unit 12. It further shows that a well was placed in the northwest portion of Unit 1, while the spacing order provided as to each other unit for wells approximately within the center of the unit. It is claimed that by drawing the boundaries of Unit No. 1 so that the well is located in the northwest portion of the unit, rather than drawing the said boundaries so that the well is located in the center of Unit No. 1, the petitioner has been deprived of the correlative right to share in the royalties from such well. Attached to the petition is a map which shows that Units 2 and 12, in which the petitioner owns land, adjoin Unit 1, and that if the boundaries of Unit 1 were redrawn placing the well in the center of the unit, a good deal of petitioner’s land in Unit 12, and possibly part of her land in Unit 2, would become part of Unit 1, and thereby the petitioner would get a greater share of the royalties from Unit 1. The petition shows *305 that at the request of petitioner, a hearing was held on April 18, 1967, to consider reforming the boundaries of Unit No. 1, but that on June 8, 1967, the Commissioner issued “ Order No. 67-2 ” which continued “ Order No. 1 ” in effect without modifications. It is claimed that this determination was arbitrarily and capriciously made, and that the findings upon which it is based are unsupported by any substantial evidence in the record.
The only questions to be considered on this motion are whether the petition is insufficient or barred by the Statute of Limitations. The question of transfer to the Appellate Division is, of course, not before the court at this time.
The respondent contends that the petitioner has not shown any injury. However, by reading the petition, together with the map attached to it, one can see that petitioner may be injured in that she might receive more royalties if the boundaries were redrawn. Accordingly, giving the petition the liberal construction that is required on a motion to dismiss for insufficiency, I hold that the petition is sufficient. Respondent further claims that the determination of the Commissioner was final when “ Order No. 1 ” was made in 1965, and that since this proceeding was not instituted within four months of that determination it is barred by the Statute of Limitations. Petitioner contends that she is only seeking review of “ Order No. 67-2 ” and that since the proceeding was instituted within four months of that determination, it is not barred by the Statute of Limitations.
It has been held that where there is a reconsideration on the merits and a new investigation and receipt and consideration of additional testimony and new data, then the Statute of Limitations does not bar a proceeding brought within four months of the new determination. (Matter of Camperlengo v. State Liq. Auth., 16 A D 2d 342.) It has also been held that where there is requirement by law for a new and fresh evaluation of a subsequent application and new opinion and factual evidence are received, an article 78 proceeding may be brought within four months of the new determination. (Matter of Feller v. Wagner, 7 A D 2d 126.) However, the mere denial of a new application does not give rise to a right to bring an article 78 proceeding. (Matter of Nelson v. Kelly, 4 A D 2d 596.) Nor can a petitioner, by renewing an application and procuring it to be disproved, indefinitely extend the Statute of Limitations. In such a case the proceeding must be instituted within four months after the first denial. (Matter of Hall v. Leonard, 260 App. Div. 591, affd. 285 N. Y. 719.)
The record of the hearing held April 18, 1967, upon which “Order No. 67-2” is based, indicates that nothing new of a *306 material nature was presented. It appears to be merely a representation of the material which was before the Commissioner and upon which “ Order No. 1 ” was based. If petitioner is aggrieved, she was aggrieved by “ Order No. 1 ” and should have instituted an article 78 proceeding within 60 days after that determination. The respondent’s motion to dismiss the petition is granted.