Breitel, J. (dissenting).
Petitioner, a physician participating in the Workmen’s Compensation system, upon application for a specialty rating, was granted in 1965 only a general practice rating after an appeal and hearing before the Board’s Medical Appeals Unit.
Petitioner applied again for a specialty rating. In May, 1966, the County Medical Society, which had previously refused to recommend any kind of rating, referred him to the Medical Appeals Unit. In September, 1966, at a hearing before the Appeals Unit, at which he appeared and was asked questions, petitioner also submitted new letters from his references on the *569 prior application, letters from two additional references, as well as an updated list of surgery performed by him.
The Appeals Unit ‘ ‘ reviewed the application and qualifications of [petitioner] and, after due deliberation, unanimously affirm[ed] the action of the [County Society] and denie[d] the request of [petitioner] for a change in his rating ’ ’. The chairman of the board “ [i]n the absence of a favorable recommendation of the county medical society or the medical appeals unit, [was] constrained not to revise the authorization of [petitioner] ”.
On the record it is evident that neither the petitioner, nor the various levels of the Workmen’s Compensation system, were concerned with the nature of the application, whether it was an entirely new application, or one for reconsideration. After the new hearing and submission of evidence, the denial of a specialty rating was on the merits, without any reference to a procedural ground or disposition.
If there had been indeed a reconsideration rather than merely a request for and denial of reconsideration, petitioner’s present judicial proceeding to review the merits of the denial is timely.
The four-month period within which an article 78 proceeding to review a determination by an administrative body or officer begins only after that determination becomes final (CPLR 217). Where the body or officer is expressly authorized (or, a fortiori, required) by statute to rehear the matter upon petitioner’s application, no proceeding to review may be commenced, and, as a consequence, the limitation period does not run, unless a rehearing has been granted or denied, or until the time for procuring a rehearing has elapsed (CPLR 7801; cf. Matter of New York Cent. R. R. Co. v. Public Serv. Comm., 238 N. Y. 132, 135-137 [construing Civ. Prac. Act, § 1286, subd. 3; § 1288]).
The cases are in disarray on whether when reconsideration is granted as a matter of grace, that is, without statutory mandate or authorization, the determination upon reconsideration is .reviewable if instituted within four months after the second determination. (For authorities which suggest, if indeed they do not hold, that the statute is tolled, see Matter of Camperlengo v. State Liq. Auth., 16 A D 2d 342, in which additional evidence was submitted but such evidence was not made the basis for the holding; cf. Matter of Buffalo Audio v. Union Free School Dist., 29 Misc 2d 871, 875, affd. 15 A D 2d 991; see, *570 semble, to the same effect but also involving receipt of ‘‘new evidence ” noted only in passing, Matter of Feller v. Wagner, 7 A D 2d 126, 128-129. But see, contra, Matter of Francisco v. O’Connell, 33 Misc 2d 555; Matter of Reiss v. Kilborne, 56 Misc 2d 303 [requiring introduction of new evidence]; Matter of Harrington v. Coster, 194 Misc. 577; Matter of Italian Hosp. Soc. v. State Dept. of Social Welfare, 178 Misc. 183; Matter of Di Brizzi v. State Liq. Auth., 116 N. Y. S. 2d 811 [distinguishing rehearings not authorized by statute].)
Consequently, there is no well-settled rule. The statutes are ambiguous. The Appellate Division cases are not clear holdings one way or the other. Only a handful of nisi prius cases are clearly contrary to appellant’s position.
The practice is or should be similar to that governing the time to take an appeal, which runs from the rendering of the second decision upon reargument, even though the original decision is followed and there has been no additional evidence or argument (Cohen and Karger, Powers of the New York Court of Appeals, p. 437; Matter of Sage v. Broderick, 253 N. Y. 531). This is a strong analogy, technically, and there is support for it in policy.
There is a sound practical reason for not conditioning the running of the four-month period from a full reconsideration on the receipt of new evidence. Otherwise, if the administrative board agrees to reconsider, a petitioner might fear, rightly or wrongly, that he would prejudice his case by seeking judicial review of the old determination, while reconsideration is under way. In addition, even as the administrative agency ‘ ‘ rehears ” his case, the petitioner would be forced to speculate whether he will be allowed to submit new evidence, and whether additional evidence may later be deemed merely cumulative, or too insubstantial for Statute of Limitations purposes. In view of the limited judicial review available, in any event, for administrative determinations, there is anticipatable hesitation, even reluctance, to initiate or even think about precipitate recourse to the courts, while there is hope of broader redress before the agency.
Of course, an unsuccessful application for reconsideration does not affect the four-month limitation period (see, e.g., Matter of Karaffa v. Simon, 14 A D 2d 978; Matter of Canzano v. Hanley, 188 Misc. 167 [Sup. Ct., Monroe County, per Van Voorhis, J.] ; cf. Matter of Hall v. Leonard, 260 App. Div. 591, *571 affd. 285 N. Y. 719). The same is true, of course, of a reargument denied in the courts (Cohen and Karger, loc. cit.).
Finally, respondents, in asserting the affirmative defense of the Statute of Limitations, bear the burden of proving that the proceeding is time-barred. As it is impossible to say with any certainty on the record presented whether an application for a rehearing was denied, or whether the matter was reopened and a further denial made upon the merits, the article 78 proceeding should be reinstated. Since the matter is deemed to have been reconsidered by the board, it is unnecessary to decide whether section 13-b (subd. 2) of the Workmen’s Compensation Law authorizes reconsideration upon new evidence, or reapplication upon additional qualification, or requires, in all events, the introduction of substantial additional evidence. Moreover, on the analysis suggested, the fuzzy and fruitless issue of whether appellant’s submission on the “ rehearing ” involved new evidence, or only rehashed matter previously presented, is avoided.
Neither the petitioner nor the board was explicit in characterizing the instant application. The record is unclear, having been largely controlled by nonlawyers.
On any view, in this state of the law and of the record the case should be decided on the merits and their consideration should not be precluded by doubtful and attenuated qualifications upon the four-month Statute of Limitations.
Accordingly, I dissent and vote to reinstate the petition and remit to Special Term for review of the refusal to change the rating of petitioner.
Chief Judge Fuld and Judges Burke, Scileppi and Bergan concur in a memorandum; Judge Breitel dissents and votes to reverse in an opinion in which Judges Jasen and Gibson concur.
Order affirmed, without costs, in a memorandum.