McCORD, Judge.
Appellant, R. Cary Slaughter, appeals from a partial summary judgment entered in favor of appellee City of Jacksonville.
On October 12, 1964, Slaughter was employed by the Clerk of the Circuit Court of Duval County, his father, as Assistant Data Processing Manager where he worked continuously until he resigned July 29, 1974. His employment was covered by the Civil Service System and his salary in 1964 was $828 per month. By September 29,1969, he was classified in grade 30, step two, at a monthly salary of $888. Each civil service grade has a minimum and maximum salary for that grade and has five steps between the minimum and maximum amount. On December 16, 1969, an executive order was issued by the Mayor of the City of Jacksonville terminating a previous moratorium on merit raises effective January 1, 1970. The executive order stated that civil service rules provided that one step merit raises may be given by administrative officials without career service board action provided no merit raise has been given to the employee within the previous 12 months. Merit raises in the Office of the Clerk of Circuit Court required approval by the Clerk, the city budget officer and the personnel manager of the City. Pursuant to this executive order, 17 employees of the Clerk’s Office, including Slaughter, received merit raises. These employees represented substantially all of the employees of the office who qualified for consideration under the executive order. Slaughter’s increase took him from step two to step three within grade 30, increasing his salary from $888 to $932 per month. The City’s complaint was filed four days short of five years after the effective date of Slaughter’s increase and approximately six months after he left the employment. By the summary judgment, the trial court ruled that the pay increase to Slaughter violated § 116.111(2), Fla.Stat., and ordered recovery by the City from Slaughter of the sum of $2,601.84 with interest of $598.56.
The pertinent statute, § 116.111(2)(a), provides as follows:
“A public official may not appoint, employ, promote, or advance, or advocate for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control and individual who is a relative of the public official. An individual may not be appointed, employed, promoted, or advanced in or to a position in an agency if such appointment, employment, promotion, or advancement has been advocated by a public official, serving in or exercising jurisdiction or control over the agency, who is a relative of the individual.”
The foregoing statute was enacted and became law over 4V2 years after Slaughter was employed in the Clerk’s Office, and no contention is made here that his employment was in violation of the above statute.
Slaughter contends that a mere increase in salary of an employee, if not beyond the limit fixed for the pay grade in which such a position is classified, does not constitute a promotion or advancement within the meaning of the foregoing statute. The City *904 contends that such increase is an advancement. The statute does not favor us with a definition of the term “advancement.” We have found little authority beyond that referred to in Opinion 070-76 of the Attorney General of Florida rendered on June 30, 1970, with regard to the meaning of promotion or advancement under the above statute. There, the Attorney General states:
“To ‘promote’ is to exalt in station, rank, or honor, according to McArdle v. City of Chicago, 172 Ill.App. 142 Webster’s Seventh New Collegiate Dictionary lists ‘advance’ as a synonym of ‘promote.’ Most of the decisions are in agreement that a mere increase in the salary of an employee that is not beyond the limit fixed for the grade in which such a position is classified does not constitute a ‘promotion.’ See Petition for Prendergast, [192 Misc. 376,] 80 N.Y.S.2d 739; 744; and Mandle v. Brown, [5 N.Y.2d 51, 177 N.Y.S.2d 482,] 152 N.E.2d 511, 515.”
Webster’s Third New International Dictionary defines advancement as the action of advancing or the state of being advanced; promotion or elevation to a higher rank or to a position of greater personal dignity or importance; furtherance or progression especially toward perfection or to a higher stage of development. Appellee correctly states that in the interpretation of the statute it will be presumed that the legislature intended every part thereof for a purpose and argues from this premise that the legislature did not intend for the terms “promotion” and “advancement” to be synonymous. Perhaps not, but had the legislature intended for the term “advancement” to include a salary increase without an increase in grade, it could very easily have said so. It is our view that it is only an increase in grade which elevates an employee to a higher rank or position of greater personal dignity or importance and is an advancement or promotion.
Reversed.
BOYER, C. J., concurs.
SCHLEGEL, LEW E., Associate Judge, dissents.