QUESTION:
If a county property appraiser marries an employee of his office, may that employee continue working under the county property appraiser?
SUMMARY:
If a county property appraiser marries an employee of the property appraiser's office, that employee may continue working in his or her same position and may participate in routine salary increases, but may not be promoted or advanced, or recommended or advocated for same, by the property appraiser who has become the employee's spouse.
In your letter, you emphasized that you are an `elected constitutional officer.' Neither the inclusion of a county property appraiser among those county officers set forth in s. 1(d), Art. VIII, State Const., nor the elective nature of the office of property appraiser has any effect on the applicability to a county property appraiser of the prohibitions of s. 116.111, F. S., the antinepotism statute. The prior opinions of this office construing s. 116.111 have often involved elected constitutional officers such as clerk of the circuit court (AGO 073-444), tax assessor (AGO 073-3), sheriff (AGO 073-347), and county commissioner (AGO 073-75). The clear language of s. 116.111(1)(a) and (b), in which `agency' and `public official' are defined for purposes of application of s. 116.111, leaves no doubt that a county is an `agency' and a county property appraiser — as a county officer — is a `public official.'
Having established that you are subject to the prohibitions of s. 116.111, F. S., I turn to the question of whether your contemplated marriage to an employee working under you in the property appraiser's office would result in a violation of s. 116.111 if that employee continues working after your marriage. In your letter, you stated your view that this question has been answered by previous opinions of this office. I agree. The official view of this office regarding situations such as yours is that the marriage does not require termination of a validly hired employee who becomes the spouse of the appointing or employing officer. The employee in such a situation may continue working in his or her same position, but may not be promoted or advanced thereafter by the related public official or upon the official recommendation of the related public official. In AGO 070-18, it was held:
 . . . a change in the marital status of the appointing officer, or of a relative of such officer, could effect a change in the relationship of an existing employee to the official. In these circumstances, since the original
appointment was not based on a blood or marital relationship, the reason for the anti-nepotism rule ceases insofar as the employment of such employee is concerned and should not be applied to require the discharge of such employee. Our statute prohibits the `promotion or advancement' of an employee by an official when the prohibited relationship exists; and it is this provision of the statute, rather than the `appointment' or `employment' provision, that is applicable when a prohibited relationship comes into existence subsequent to a valid appointment or employment.
In regard to the prohibition against promotion or advancement, which would be applicable in your situation, it was held in AGO 070-76 that a public official may include a relative in a routine salary increase. That holding was based on the premise that the terms `advance' and `promote' contemplate an elevation in station or rank, rather than merely an increase in salary in the same position. This interpretation was recently approved in the case of Slaughter v. City of Jacksonville, 338 So.2d 902 (1 D.C.A. Fla., 1976).
The court quoted from AGO 070-76 and stated, at 904:
 [H]ad the legislature intended for the term `advancement' to include a salary increase without an increase in grade, it could very easily have said so. It is our view that it is only an increase in grade which elevates an employee to a higher rank or position of greater personal dignity or importance and is an advancement or promotion.
The specific relationship of husband and wife was the subject of AGO 074-255, in which approval was given to a husband and wife working together in the same agency, so long as neither promotes or advances the other or recommends or advocates the promotion or advancement of the other. In AGO 074-255, I stated the following in regard to the purpose and effect of s. 116.111:
 The antinepotism statute was clearly not intended to prevent relatives from working together in public employment. The statute simply prohibits one who has the authority to employ, appoint, promote, advance, or recommend same, from using that authority with respect to his or her own relative.
It is thus my opinion that, should you marry an employee of your office whose initial hiring was valid, that employee may continue working in her same position and may participate in routine salary increases, but may not be promoted or advanced, or recommended or advocated for same, by you.
Prepared by: Jerald S. Price Assistant Attorney General