QUESTIONS:
1. Would the appointment of the brother-in-law of the assistant fire chief and personnel officer, who has the authority and duty to perform department personnel functions including interviewing prospective applicants, to the position of fireman by the (unrelated) fire chief violate the Florida Nepotism statute s. 116.111, F. S.?
2. If question 1 is answered in the negative, would the fireman be prevented from receiving promotions, pay increases, and other economic benefits during the term both he and his brother-in-law (the assistant fire chief) are employed?
SUMMARY:
The relative of the assistant chief and personnel officer of a fire department may be appointed or employed to the position of fireman by the (nonrelated) fire chief, if the assistant fire chief and personnel officer is not vested with and has not been delegated the authority to employ, appoint, promote, or advance (or recommend same). A nonrelated official may hire the relative of an existing department employee or official. Promotion or advancement, for purposes of the prohibitions in s. 116.111, requires an elevation in station or rank, not merely an increase in pay in the same position. Violation of s. 116.111 byrecommendation of a relative requires that the official or employee making such a recommendation of his or her relative be vested with or delegated, by law, rule, or regulation, the power or duty to make recommendations for appointment, employment, promotion, or advancement.
I would first note that the relationship of brother-in-law is covered by the antinepotism statute (s. 116.111, F. S.), as it is among those classes of relationship specifically set forth in s. 116.111(1)(c). However, the fact which must be determined in this instance, and whenever the prohibitions of s. 116.111 are applied, is the relationship of the job applicant to the official in whom is vested or to whom has been delegated, the authority to employ, appoint, promote, or advance (or to recommend same). The prohibitions of s. 116.111 apply only to a `public official' as defined in s. 116.111(1)(b):
 `Public official' means an officer, including a member of the legislature, the governor, and a member of the cabinet, or employee of an agency in whom is vested the authority by law, rule, or regulation, or to whom the authority has been delegated, to appoint, employ, promote, or advance individuals or to recommend individuals for appointment, employment, promotion, or advancement in connection with employment in an agency . . . . (Emphasis supplied.)
The employee in question is not, according to your letter, related to the official in whom is vested the appointing or employing authority (the fire chief). The employee is related only to the person holding the position of assistant fire chief and personnel officer. In AGO 071-258, this office concluded:
 A department head or other official having the appointing power who is not related to a prospective appointee may appoint such person to an officer or position of employment even though the prospective appointee is related to an existing officer or employee in the department.
It was emphasized in AGO 071-258 that s. 116.111 `applies only to those officials who have the power to appoint (or to promote, or to recommend for appointment or promotion) persons to public office or employment. And it prohibits such public officials from appointing (or promoting or recommending) their own relatives . . . .' In AGO 073-397, this office approved the appointment of a police lieutenant's daughter to the position of police officer where a third party was vested with the authority to hire and promote. And, it was emphasized in AGO 074-255:
 The antinepotism statute was clearly not intended to prevent relatives from working together in public employment. The statute simply prohibits one who has the authority to employ, appoint, promote, advance, or recommend same from using that authority with respect to his or her own relatives. (Emphasis supplied.)
Thus, it would appear to be the prohibition against recommending
one's relative for employment or appointment which would have to be considered in regard to the initial hiring of the employee in question. If, `by law, rule, or regulations,' the assistant fire chief and personnel officer has been vested with or delegated the authority or duty to recommend individuals to be firemen, and he uses such authority to recommend his own relative, there would appear to be a violation of s. 116.111(2)(a), F. S., which provides in pertinent part:
 An individual may not be appointed, employed, promoted, or advanced in or to a position in an agency if such appointment, employment, promotion, or advancement has been advocated by a public official, serving in or exercising jurisdiction or control over the agency, who is a relative of the individual. (Emphasis supplied.)
In the instant matter, it appears that the assistant fire chief and personnel officer merely performs functions such as administering aptitude tests to job applicants, conducting background investigations, etc. If the duties of the assistant fire chief and personnel officer pertaining to job applicants are, in fact, limited to such administrative tasks, and if the assistant fire chief and personnel officer has not been assigned `by law, rule, or regulation' the duty of making recommendations from among the job applicants in regard to whom he has performed such administrative functions, the fire chief could appoint or employ the relative of the assistant fire chief and personnel officer without violating any provision of s. 116.111. If the relative of the assistant fire chief and personnel officer is validly appointed or employed by the fire chief under the circumstances already discussed, there would have to be made a second determination as to precisely where the authority to promote or advance rests. If such authority is vested solely with the fire chief (and the assistant fire chief and personnel officer does not have the duty of making recommendations for promotion or advancement), the fireman in question could be promoted or advanced by the chief. In considering the prohibition against promotion or advancement of a validly hired employee, it should also be noted that the terms `promotion' and `advancement' have definite, limited meanings in the context of s. 116.111. It was concluded in AGO 070-76 that a public official may include a relative in a routine salary increase. That conclusion was based on the premise that the terms `advance' and `promote' contemplate an elevation in station or rank, rather than merely an increase in salary in the same position. That interpretation by this office was confirmed in the case of Slaughter v. City of Jacksonville,338 So.2d 902 (1 D.C.A. Fla., 1976). The court in Slaughter quoted from AGO 070-76 and stated, at 904:
 [H]ad the legislature intended for the term `advancement' to include a salary increase without an increase in grade, it could very easily have said so. It is our view that it is only an increase in grade which elevates an employee to a higher rank or position of greater personal dignity or importance and is an advancement or promotion.
I trust that the matter with which you are concerned may be resolved finally and unequivocally by your application of the general statements contained herein and in the prior nepotism opinions of this office referred to above to all aspects of the instant factual situation (particularly the precise allocation of authority between the fire chief and the assistant fire chief and personnel officer).
Prepared by: Jerald S. Price Assistant Attorney General