Mr. Alfred O. Shuler County Attorney Franklin County Drawer 850 Apalachicola, Florida 32320
Dear Mr. Shuler:
This is in response to your request for an opinion on substantially the following question:
 WHETHER AN EMPLOYEE WHO IS A RELATIVE OF A MEMBER OF THE BOARD OF COUNTY COMMISSIONERS MAY BE PROMOTED IN OR TO A POSITION IN THE COUNTY ROAD DEPARTMENT WHICH HE WOULD ORDINARILY BE ENTITLED TO BY SENIORITY, TRAINING AND EXPERIENCE?
You state in your letter that the Board of County Commissioners of Franklin County appoints, employs, promotes and advances individuals who are employed by the county on the road department crews. In 1980, a county commissioner was elected who is related to several employees of the county road department within the degree of kinship defined as a "relative" by s 116.111(1)(c), F.S. In January of 1983, several road department employees were recommended for promotion by the superintendent of the road department, which they were entitled to on the basis of seniority, training and experience. One of these employees was one of the "relatives" of the member of the board of county commissioners described above. You question whether Florida's antinepotism statute, s 116.111, F.S., prohibits the "routine seniority" promotion of this "relative."
Subsection (2)(a) of s 116.111, F.S., provides:
 A public official may not appoint, employ, promote, or advance, or advocate for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control any individual who is a relative of the public official. An individual may not be appointed, employed, promoted, or advanced in or to a position in an agency if such appointment, employment, promotion, or advancement has been advocated by a public official, serving in or exercising jurisdiction or control over the agency, who is a relative of the individual.
An "agency" is defined in s 116.111(1)(a), F.S., to include a county. In AGO 73-75, this office concluded that s 116.111, F.S., prohibited the employment of a brother of a member of a board of county commissioners as a mosquito control and garbage disposal worker when the county commission actually exercised jurisdiction and control with respect to such employment and work. Thus, it is the position of this office that a board or commission, within the definition of "agency" provided by s 116.111(1)(a), F.S., is subject to the proscriptions of the nepotism law. See also, AGO's 77-130, 73-335, 73-75. In AGO 73-335, it was concluded that a violation of s 116.111 could not be avoided by the abstention of the related board member from voting on the employment of that member's relative. As was observed in AGO 73-335, "[i]f each member of a commission were allowed to abstain, the board could conceivably employ a relative of each of its members." Cf., s286.012, F.S., which prohibits members of boards and commissions from abstaining from official votes unless a conflict of interest exists under the provisions of ss 112.311, 112.313, or 112.3143, F.S.
The only issue remaining in your inquiry is whether an employee who held his employment position prior to the member of the board of county commissioners being elected — and thus entitled to continue working in that same position (see, AGO's 77-36, 70-18) — is entitled to be promoted based on seniority, training and experience. In AGO 70-76, it was concluded that a relative could be included in a routine salary increase, but not be promoted or advanced. That opinion was based on the reasoning that the terms "advance" and "promote" contemplate an elevation in station or rank, rather than merely an increase in salary in the same position. This opinion was approved in the case of Slaughter v. City of Jacksonville, 338 So.2d 902 (1 D.C.A.Fla., 1976). The court at page 904 quoting from AGO 70-76 stated:
 [H]ad the legislature intended for the term "advancement" to include a salary increase without an increase in grade, it could very easily have said so. It is our view that it is only an increase in grade which elevates an employee to a higher rank or position of greater personal dignity or importance and is an advancement or promotion.
However, there is no legal basis for the conclusion that not only should the member's relative be allowed to participate in routine salary increases, but also in "routine seniority promotions, when other employees with like seniority and training are giving [sic] the same promotion." This office has no power to write into the law an interpretation which might seem desirable or equitable. This is a matter for legislative determination and remedy, if at all.
It is therefore my opinion that a county employee who is a relative of a member of the board of county commissioners may continue to hold his present position and participate in routine salary increases but is prohibited by s 116.111, F.S., from being promoted, whether "routine" or otherwise.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General